## Rogers *v.* Horn & Hardart Baking Company, Appellant.

84

Argued September 25, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*John J. McDevitt, 3rd,* with him *Bernard J. Smolens,* for appellant.

*John A. M. McCarthy,* for appellee.

OPINION BY CARR, J., December 28, 1956:

This appeal is from an order of the court below refusing defendant's motion for judgment n.o.v. after a

verdict in favor of the plaintiff for personal injuries sustained from a fall on the floor of the defendant's restaurant. The appellant contends that appellee did not produce sufficient evidence of negligence.

From the record it appears that Frank A. Rogers, the appellee, entered the cafeteria-style restaurant of Horn & Hardart, the appellant, at 1508 Market Street, Philadelphia and purchased some food which he carried to a table. He then returned to the counter to make an additional purchase. As he approached the cashier's cage he suddenly slipped and fell, striking his head on the floor.

No evidence was presented by defendant, and the only witness as to negligence was the appellee himself. We quote the pertinent part of his testimony: "Q. After you were on the floor did you know or did you find out what caused you to fall? A. Yes, sir, some soup or stew or something, because I had it on my clothing. Q. Did you see that on the floor or not? A. No, sir. Q. Did you see it at any time after you fell? A. No, sir. Q. Did you say you had it on your clothing? A. That's right. Q. What sort of a spot did it leave on your clothing? A. It left a greasy spot. I think it was the shell of a pea on my coat and a piece of carrot. It looked like a carrot. It was a yellow substance. Q. How big of an area of your coat did that cover? A. I would say about four or five inches. Q. Four or five what? A. On my clothing. Q. You mean across or around? A. A round circle. Q. Did you have that on your clothing prior to the time you fell? A. No, sir, and I didn't notice it until I got home. My wife said: 'You got this stuff on your coat,' and there was a little bit on my shoulder, too. *How it got there, I don't know.*" (Emphasis added).

It is a fundamental principle of all negligence actions for personal injuries that the burden is on the plaintiff to prove by a preponderance of the evidence that the defendant was negligent and that such negligence was the proximate cause of plaintiff's injury. The mere happening of an accident is not evidence of negligence. Although there are a few exceptions, injury to an invitee of a storekeeper or restauranteur is not one. *Smith v. American Stores,* 156 Pa. Superior Ct. 375, 40 A. 2d 696.

In this action the burden was on the plaintiff to prove that a hazardous condition caused him to fall and that the defendant knew, or by the exercise of reasonable care should have known of the existence of the condition. If the plaintiff is unable to prove actual notice he must at least prove constructive notice. What constitutes constructive notice must depend on the circumstances of each case, but one of the most important factors to be taken into consideration is the time elapsing between the origin of the defect or hazardous condition and the accident. The applicable principles have been restated and numerous cases cited by Mr. Justice BELL in *Lanni v. Pennsylvania Railroad Company,* 371 Pa. 106, 88 A. 2d 887.

The facts of this case are very similar to those in *Pierce v. Delaware, Lackawanna and Western Railroad Company,* 358 Pa. 403, 57 A. 2d 876. In that case the plaintiff fell while alighting from a train at Scranton, Pennsylvania. The following quotation from the opinion by Mr. Justice LINN is unusually applicable. "She testified, 'I slipped on something soft and very slippery.' Neither the plaintiff nor any other witness saw what she slipped on, none saw any grease there. Mrs. Pierce thought there was grease because she slipped and because several days after the accident she

noticed a grease spot on the back of the coat which she wore on the night of the fall and which, she assumed, absorbed the grease on the step. If there had been such a deposit of grease on the step sufficiently long for the trainmen to be advised of it, it would have been evidence from which the jury might have inferred negligence, but the evidence is insufficient to support such a finding."

A thorough reading of the testimony discloses that the plaintiff has failed to meet the burden of proving the cause of his fall or negligence on the part of the defendant. He testified that some stew or something caused him to fall because he had it on his clothing. He went on to say that he did not see it on the floor, did not notice it until he got home and did not know how it got there. There is no testimony that there was anything on the floor before he fell.

Even if we were to assume that he fell because of "some stew or something," there is no testimony as to how or when this slippery substance came to be on the floor. There was no evidence from which a jury could find that the defendant had actual or constructive notice of the existence of a hazardous condition which he was negligent in not correcting.

The judgment is reversed and here entered for the defendant non obstante veredicto.