**Helen J. BRANDENSTEIN and Albert W. J. Brandenstein, Her Husband, Appellants**

v.

**GREAT ATLANTIC & PACIFIC TEA COMPANY OF AMERICA.**

**No. 13099.**

United States Court of Appeals
Third Circuit.

Argued Feb. 19, 1960.

Decided March 18, 1960.

**726**

Gene K. Lynch, Pittsburgh, Pa. (McArdle, Harrington & McLaughlin, John M. Feeney, Jr., Pittsburgh, Pa., on the brief), for appellant.

Bruce R. Martin, Pittsburgh, Pa. (Pringle, Bredin & Martin, Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and STALEY and HASTIE, Circuit Judges.

PER CURIAM.

The plaintiffs-appellants, the Brandensteins, assert that the wife plaintiff was injured when she slipped on an apple covered by a wet leaf on the defendant-appellee's premises because the defendant negligently permitted the approach to its store to remain in an unsafe condition. Jurisdiction is based on diversity and the law of Pennsylvania governs. The court below granted a motion for involuntary dismissal.

 We can perceive no error in the trial court's conclusion that there was insufficient evidence of negligence to permit the case to go to the jury. It was not demonstrated how the apple or the leaf got upon the defendant's premises or how long both or either had been there. The Pennsylvania law is in accord with the almost universal authority that if litter or debris is alleged to have caused a fall, it must be shown that those responsible for the premises had actual notice of the existence of the dangerous substances, Vetter v. Great Atlantic & Pacific Tea Co., 1936, 322 Pa. 449, 185 A. 613, or that the condition existed for such a length of time that in the exercise of ordinary care the proprietor should have known of it and taken action to remedy it. Rogers v. Horn & Hardart Baking Co., 1956, 183 Pa.Super. 83, 127 A.2d 762. See also 61 A.L.R.2d 38 (1958) for an extensive discussion of this subject.

The defendant concedes that had there been proof of facts from which the jury could infer that the apple had been present for several hours, the case should have gone to the jury. The trial judge indicated that the presence of the slippery substances for as long as twenty-five minutes might have been enough. But there was no substantial proof on this point. The jury would have had to have added inference to inference in order to have arrived at verdicts for the plaintiffs. This it would not be entitled to do.

The judgment will be affirmed.