**Dimino v. Wal-Mart Stores Inc.**

*Mary Louise Parker* and *Megan Reaser,* for plaintiffs.
*Timothy E. Foley,* for defendant.

ZULICK, *J.,* February 12, 2007—This case is before the court on defendant Wal-Mart Corporation's motion

for summary judgment. Wal-Mart contends that there is no genuine question of material fact on the issue of negligence, and so summary judgment is appropriate.

Plaintiffs Donna and Richard Dimino brought suit on February 17, 2005, due to a fall Mrs. Dimino suffered in a Wal-Mart store in East Stroudsburg, Pennsylvania on September 28, 2003. They allege that Mrs. Dimino's fall was the result of Wal-Mart's negligence, and that they are entitled to recovery for the injuries she sustained as a result of that fall.

All relevant depositions have been taken, pleadings have been closed, and discovery is complete. On January 2, 2007, the parties appeared before me for oral argument on Wal-Mart's motion for summary judgment. For the reasons detailed below, that motion is hereby granted.

## DISCUSSION

Summary judgment is appropriate only (1) when there is no genuine issue as to any material fact or (2) when a party which will bear the burden of proof has failed to present evidence sufficient to present the issue to the jury. Pa.R.C.P. 1035.2. In evaluating whether to grant summary judgment against a party, a court must accept as true all well-pled facts in the non-moving party's pleadings and grant him the benefit of all reasonable inferences therefrom. Any doubt as to the existence of an issue of material fact must be resolved against the movant. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 145, 615 A.2d 303, 304 (1992). However, a party cannot avoid summary judgment through "mere allegations" "unsupported" by other evidence. *Botkin v. Metropolitan Life Insurance Co.,* 907 A.2d 641 (Pa. Super.

2006), citing *McCain v. Pennbank,* 379 Pa. Super. 313, 318, 549 A.2d 1311, 1313-14 (1988). In an injury in a store, the fact of an injury with no employees in the vicinity (even if all employees are on break) is insufficient evidence to preclude summary judgment on the issue of the store's negligence. *Myers v. Penn Traffic Co.,* 414 Pa. Super. 181, 186, 606 A.2d 926, 928 (1992).

The fact that a fall occurred does not give rise to an inference of negligence. Instead, Pennsylvania law places the burden on the plaintiff to establish negligence on the part of the defendant by proving four elements: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." *Pittsburgh National Bank v. Perr,* 431 Pa. Super. 580, 584, 637 A.2d 334, 336 (1994). Thus, establishing a breach of a legal duty is a condition precedent to a finding of negligence. *Shaw v. Kirschbaum,* 439 Pa. Super. 24, 29, 653 A.2d 12, 15 (1994); *Estate of Swift v. Northeastern Hospital of Philadelphia,* 456 Pa. Super. 330, 335, 690 A.2d 719, 722 (1997).

The duties Wal-Mart owed to Mrs. Dimino as a customer are those owed by a possessor of land to a business invitee. See *Palange v. City of Philadelphia Law Department,* 433 Pa. Super. 373, 378, 640 A.2d 1305, 1308 (1994), citing Restatement (Second) of Torts §329 (1965). This entitles her to "the highest duty of care," *Swift, supra.* A business owner is liable for breach of that duty if "he knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, he should expect that the invitee will not realize it or will fail to protect themselves against it,

and the party fails to exercise reasonable care to protect the invitees against the danger." *Blackman* v. *Federal Realty Investment Trust,* 444 Pa. Super. 411, 415, 664 A.2d 139, 142 (1995), citing Restatement (Second) of Torts §343 (1965). Additionally, a business owner has an obligation to police its premises to discover dangers to customers. See Restatement §344.

The evidence offered by deposition testimony and answers to discovery establishes that plaintiff Donna Dimino was shopping in the Wal-Mart store on September 28, 2003. While she was walking in the baking aisle, she fell. She testified that she "went into shock." Deposition of Donna Dimino, N.T. 29. She did not remember the fall. All she could remember was that she was "shopping in the aisle and [her] feet slipped out and [she] fell." *Id.* She did not know what she slipped on and offered no direct evidence of a spill or slippery substance of any kind on the floor in the baking aisle, or elsewhere in the store or on the premises generally.

Ms. Dimino was asked about the fall during her deposition:

"Q: Do you know what caused your feet to slip?

"A: No, I don't. I don't know if it was a slippery substance or what but—

"Q: You don't know?

"A: I don't know." N.T. 30

Later, in response to questions from her own attorney, Mrs. Dimino said she saw something on her shoe when she was in the wheelchair after the fall:

"Q: Do you remember—

"A: Because I was looking—I was sitting in the wheelchair, looking down. And I thought—I thought I saw something on the shoe.

"Q: Was it on both shoes?

"A: I don't know.

"Q: I know you said you didn't know what it was, but do you remember what it looked like?

"A: No.

"Q: How did you know that there might have been something on your shoe?

"A: It was like a shiny—

"Q: Your shoe looked different?

"A: Yes.

"Q: Did you notice anything on your shoe that morning when you got dressed to go to Wal-Mart?

"A: No." N.T. 43.

Ms. Dimino also didn't know where in the baking aisle she fell. She believed she went into shock after her fall. N.T. 30.

Plaintiff Richard Dimino testified in his deposition that when he arrived at Wal-Mart in response to a telephone call that his wife had fallen and was injured, he found her in a wheelchair near the entrance to the store:

"When I went there to pick her up, Donna was in the wheelchair. And then the lady was telling me what happened. Said your wife fell down in the store. I said all right, let's get her out of here. Donna says look at my shoe, look at my shoe, there's something on my shoe.

"I looked at the shoe and I seen something like sheen—like a sheen was on the side of the shoe where the sole is. I seen something. And I did touch it. It felt slippery, but we just got out of there. It's like a one, two, three thing. Loaded her up in the car. I went right to the hospital because her head—she had a bump on her head and everything." Deposition of Richard Dimino, pp. 51-52.

Plaintiffs also point to a report of Donna Dimino's fall by Laura Remy, the Wal-Mart employee who assisted Donna Dimino and investigated the fall for Wal-Mart. Ms. Remy had no recollection during her deposition that she had reported the circumstances of the fall, but had "no doubt that occurred." N.T. 50. The report stated:

"Customer stated that she did not know what she fell on, just went down, had a marked (sic) underneath her shoe that looked like—floor was dry. Had on high-heel shoes. Stated that the customer was shaking when she got there. The mark was on her shoe. Looked wet looking, tar or something—" N.T. 50.

Ms. Remy testified that she responded to the aisle when Ms. Dimino fell. She observed the floor in the aisle, and found that "the floor was clean, there was nothing on the floor. The floor was not wet. There was really nothing for her to slip on." N.T. 52.

Plaintiffs have offered no evidence that Wal-Mart had actual notice of the spill. Instead, this matter turns on whether there is sufficient evidence for a jury to find that Wal-Mart had constructive notice and whether Wal-Mart adequately policed the premises of the store to avert similar dangers. The Diminos proffer two grounds on which they argue a jury could rest a finding of negligence: (1) Wal-Mart employee Laura Remy's deposition testi-

mony that there were no logs kept or other proof that the baking aisle was properly maintained; (2) an inference, reasonable under the circumstances, that there was something in the aisle upon which Ms. Dimino slipped because of the presence of a "shiny, oily substance" on Ms. Dimino's shoe after she fell. Neither of these is sufficient.

### Absence of Proof of Proper Maintenance

The Diminos' argument on this point misstates the rule. Pennsylvania courts have been clear that the plaintiff has the burden of demonstrating negligence through evidence; refusing to grant summary judgment here because Wal-Mart has not presented evidence that they were not negligent would reverse the burden of proof and permit mere allegations unsupported by evidence to go to trial in violation of *Myers* and *Botkin, supra.*

In *Maher v. Pennsylvania State University,* 64 D.&C.4th 381 (Centre Cty. 2003), the Court of Common Pleas of Centre County, Judge Kistler, found that a reasonable inference could have been raised that routine inspections would have turned up the defect in question. *Id.* at 387-88. However, Judge Kistler explained that there were other indications that the defect was obvious:

"Plaintiff stated that, at the time of his fall, water was dripping on his head which caused him to look up and take notice of the condition of the ceiling. Plaintiff noted that the 'fibrous' tile above him was discolored and explained during his deposition that he could tell that the ceiling was wet, because although the ceiling was white, it appeared 'discolored, it was darker where it had gotten wet.'" *Id.* (citations omitted)

Here, no such evidence exists. The Diminos have alleged nothing beyond a shiny substance on Mrs. Dimino's shoe which would give rise to an inference that a reasonable inspection would have prevented her injury. Consequently, while *Maher* appropriately found that other evidence introduced by the plaintiffs was sufficient to create a possible inference of inadequate inspection, in this case, I would have to find the mere fact of an injury sufficient to raise an inference of inadequate inspection and require the defendants to introduce evidence to rebut such an inference. This would be contrary to Pennsylvania law. See *Myers, supra.*

### The Inference That There Was a Slippery Substance in the Aisle

The Diminos produced no evidence that Wal-Mart failed to meet its duty of care or that such failure caused Ms. Dimino's injuries. Several witnesses testified they saw a shiny, oily substance on Ms. Dimino's shoe. Donna Dimino deposition at 43; Richard Dimino deposition at 51-52, 54; Laura Remy deposition at 50-51. A reasonable jury could find this demonstrates that Ms. Dimino slipped on a shiny, oily substance. However, Wal-Mart would only be liable for such a slip if they had actual or constructive notice of the defect. *Loeb v. Allegheny County,* 394 Pa. 433, 436, 147 A.2d 336, 338 (1959). (citations omitted) Plaintiffs have provided no evidence that this slippery substance was first encountered by Mrs. Dimino on Wal-Mart premises. Even if this evidence did warrant an inference that the slippery substance was on Wal-Mart premises, that does not in and of itself establish a breach of duty on Wal-Mart's part.

The presence of a shiny or oily substance on the floor of a business would constitute evidence sufficient to preclude summary judgment if: (1) the substance is of a type with an inherently sustained duration, as opposed to a transitory spill which could have occurred an instant before the accident; and (2) a witness saw the defect immediately before or after the accident. *Neve v. Insalaco's,* 771 A.2d 786, 791 (Pa. Super. 2001). If so, Wal-Mart would be considered to be on "constructive notice" of the defect.[1]

In this case, three witnesses saw the substance on Ms. Dimino's shoe immediately after the accident. However, no evidence was offered that the substance in question was on the Wal-Mart premises, or if it was, that it was there for an inherently sustained duration. Courts have in the past refused to assume constructive notice with no evidence beyond the mere fact of a defect. See *Swift,* 456 Pa. Super. at 336, 690 A.2d at 723 (water on the floor from unexplained source for unknown period of time not sufficient to establish constructive notice); *Moultrey v. Great A & P Tea Co.,* 281 Pa. Super. 525, 422 A.2d 593 (1980) (presence of a cherry on the floor of the produce section due to unknown cause for unknown period of time insufficient to establish constructive notice); *Myers, supra* (presence of a grape on the floor of the produce section due to unknown cause for an unknown period of time not sufficient to establish constructive notice); *Rogers v. Horn & Hardart Baking Co.,* 183 Pa. Super. 83, 87, 127 A.2d 762, 764 (1956) (plaintiff fell near cashier of restaurant and didn't see stew on the floor, but later

---

1. There is no evidence that Wal-Mart had actual notice of the defect in the record.

found it on the coat he was wearing at the time of the fall).

In *Neve,* the Superior Court found that a raised metal grate had sufficient indicia of durability to justify a finding of constructive notice. 771 A.2d at 791. Here, the only evidence about the nature of the substance in question was that it was shiny and oily and it was on Ms. Dimino's shoe. Compare *McCarthy v. Target,* 4549 CV 2006 (CCP Monroe 2006) (the fact that a substance is sticky is not enough to establish that it has been on the floor for a long enough time for a jury to find constructive notice).

This case is distinguished from *McCarthy* in two ways. First, the substance is shiny and oily rather than sticky. Second, the Diminos do not directly argue that shininess or oiliness provides an objective indication of duration.

Neither distinction supports a finding that Wal-Mart was on constructive notice. Here, as in *Hess v. Sun Ray Drug Co.,* 387 Pa. 199, 127 A.2d 699 (1956), there is no evidence and so to find for the plaintiff, a fact-finder would have to "guess whether the grease spot was on the [floor] 10 minutes, 10 hours or 10 days prior to plaintiff's accident." *Id.* at 201, 127 A.2d at 701.

Such conjecture is insufficient to preclude summary judgment as a matter of law. Defendant's motion will be granted.

## ORDER

And now, February 12, 2007, it is ordered that defendant's motion for summary judgment is granted.