

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-9-2008

# Larkin v. Super Fresh Food

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2775

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Larkin v. Super Fresh Food" (2008). *2008 Decisions*. Paper 556.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/556

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-2775

———

DIANE E. LARKIN;
HARRY N. LARKIN, H/W,
Appellants

v.

SUPER FRESH FOOD MARKETS, INC.

v.

ARAMARK UNIFORM SERVICES, INC.

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 06-cv-01654)
District Judge: Hon. Legrome D. Davis

———

Submitted Under Third Circuit LAR 34.1(a)
September 8, 2008

Before: SLOVITER, FUENTES and NYGAARD, <u>Circuit Judges</u>

(Filed: September 9, 2008)

———

<u>OPINION</u>

SLOVITER, Circuit Judge.

In this slip-and-fall case, the District Court granted defendant's motion for summary judgment on the ground that no genuine issue of material fact existed as to whether defendant caused or had notice of the dangerous condition on its property that allegedly caused plaintiffs' injuries. We will affirm.

## I.

On April 14, 2005, Diane E. Larkin tripped and fell at the entrance to Super Fresh Food Markets in Richboro, Pennsylvania ("Super Fresh"). As she approached the entrance to the store, she encountered a buckled mat that was not flush with the ground. Her right foot became caught in one of four to six "pockets" in the mat, causing her to trip and fall. App. at 48. Mrs. Larkin suffered various injuries as a result of the fall, some of which may be permanent.

A videotape of the store's entrance shows an employee of Aramark Uniform Services, Inc. ("Aramark"), laying the mat on the date of the accident.[1] Twenty-three minutes later, the video shows Mrs. Larkin approaching the entrance and falling. In her affidavit describing the video, Mrs. Larkin does not claim that the video shows the mat or any pockets. She describes no other events on or near the mat.

Mrs. Larkin filed suit in the Court of Common Pleas of Philadelphia County. Her

_____

[1] Because the videotape was not submitted as evidence, our description of the events depicted in that tape are based on Mrs. Larkin's allegations.

2

husband joined, alleging loss of consortium. Super Fresh removed the case to federal court[2] and subsequently moved for summary judgment. The District Court granted that motion, holding that the Larkins did not establish how long the mat had been buckled prior to Mrs. Larkin's fall. The Larkins timely appealed.[3]

## II.

We review the District Court's grant of summary judgment de novo. Blair v. Scott Specialty Gases, 283 F.3d 595, 602 (3d Cir. 2002). Summary judgment is appropriate where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

To recover in a tort claim, the plaintiff must establish that (1) the defendant owed a duty to the plaintiff; (2) the defendant breached its duty; (3) a causal connection exists between the defendant's conduct and the plaintiff's injury; and (4) the plaintiff suffered actual loss or damage. See Farabaugh v. Pa. Tpk. Comm'n, 911 A.2d 1264, 1272-73 (Pa. 2006). The parties agree that Mrs. Larkin was an invitee on the day she was injured. A business owes its invitees "the duty of maintaining the premises in a reasonably safe condition . . . for the purposes for which the invitation to customers [is] extended."

---

[2] Super Fresh's third-party claim against Aramark was dismissed and is not relevant to this appeal.

[3] The District Court had diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Regelski v. F.W. Woolworth Co. of Pa., 225 A.2d 561, 562 (Pa. 1967).

Under Pennsylvania law, a business breaches it duty to an invitee if the business:

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger."

Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983) (quoting Restatement (Second) of Torts § 343 (1965)). To establish a breach of duty, the first prong of that test requires an invitee to "prove either that the proprietor had a hand in creating the harmful condition, or that he had actual or constructive notice of such condition." Moultrey v. Great A & P Tea Co., 422 A.2d 593, 598 (Pa. Super. Ct. 1980). If the plaintiff does not produce a genuine issue of material fact about the defendant causing the condition or having notice, then the business did not breach its duty and summary judgment is appropriate. Cf. id. at 598 (affirming a compulsory non-suit because the plaintiff offered no evidence that the defendant created or knew of the condition that caused the plaintiff to slip).

The Larkins do not argue that Super Fresh, through Aramark, caused the dangerous condition, nor is it a reasonable inference from the evidence. They "do not claim that Super Fresh had actual notice of the mat's hazard (the pockets) prior to Mrs. Larkin's fall." Appellants' Br. at 18. Accordingly, we limit our consideration to whether a genuine issue of material fact exists with respect to whether Super Fresh had

4

constructive notice of the buckled mat.

Although several factors may play a role when analyzing whether a defendant had constructive notice of a dangerous condition, see Lanni v. Pa. R.R. Co., 88 A.2d 887, 889 (Pa. 1952), the length of time that the condition existed is "'one of the most important factors,'" Neve v. Insalaco's, 771 A.2d 786, 791 (Pa. Super. Ct. 2001) (quoting Rogers v. Horn & Hardart Baking Co., 127 A.2d 762, 764 (Pa. Super. Ct. 1956)). Thus, Pennsylvania courts accredit a business with constructive notice of a dangerous condition when "the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it." Moultrey, 422 A.2d at 596. This length of time varies with the circumstances. Neve, 771 A.2d at 791 (citing Rogers, 127 A.2d at 764). Nonetheless, Pennsylvania courts commonly treat a plaintiff's failure to provide evidence of timing as dispositive. See, e.g., Lanni, 88 A.2d at 888 (reversing the denial of defendant's motion for judgment notwithstanding verdict where the plaintiff slipped on a grease spot but "there was no evidence [showing] how long it had been on the driveway"); Porro v. Century III Assocs., 846 A.2d 1282, 1286 (Pa. Super. Ct. 2004) (affirming summary judgment because the defendant "admitted in his deposition he does not know how long the substance he slipped on was present"); Estate of Swift v. Ne. Hosp. of Philadelphia, 690 A.2d 719, 722 (Pa. Super. Ct. 1997) (affirming summary judgment because the defendant did not present evidence regarding "how long the condition existed").

5

On the record before us, it is clear that Super Fresh did not have constructive notice of the buckled mat. The Larkins argue that reasonable people might differ about whether twenty-three minutes is enough time to generate constructive notice of the pockets. Inasmuch as the videotape only proves that the pockets existed for no more than twenty-three minutes, it is possible that the pockets existed for less time. Mrs. Larkin explicitly conceded at her deposition that she did not know how long the pockets had existed. Without evidence about when the mat became buckled, a fact-finder could only speculate about whether Super Fresh should have discovered and corrected the problem. Therefore, as a matter of law, Super Fresh did not have constructive notice.

Because there is no genuine issue of material fact about whether Super Fresh caused or had actual or constructive notice of the buckled mat, Super Fresh did not breach its duty. Accordingly, the Larkins' arguments regarding reasonable precautions that the company might have taken (e.g., taping the mat to the ground, posting warning signs, or setting a schedule for employees to check the mat) are insufficient to show that Super Fresh breached a duty to Mrs. Larkin and are irrelevant to this appeal. It follows that Mr. Larkin's derivative consortium claim must also fail. See Schroeder v. Ear, Nose and Throat Assocs. of Lehigh Valley, Inc., 557 A.2d 21, 22 (Pa. Super. Ct. 1989).

### III.

For the above-stated reasons, we will affirm the judgment of the District Court.

6