**MARY CASIMIR and IVAN CASIMIR, Plaintiffs**

**v.**

**PSMT, LLC d/b/a PRICESMART, Defendant**

Civil No. ST-08-CV-230

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

July 26, 2012

DESMOND L. MAYNARD, ESQ., Law Office of Desmond L. Maynard, St. Thomas, USVI, *Counsel for Plaintiffs.*

DOUGLAS L. CAPDEVILLE, ESQ., Law Offices of Douglas L. Capdeville, P.C., Christiansted, St. Croix, USVI, *Counsel for Defendant.*

CARROLL, *Judge*

## MEMORANDUM OPINION

(July 26, 2012)

Defendant PSMT, LLC d/b/a Pricesmart has filed a Motion for Summary Judgment, asking this Court to grant summary judgment in its favor. Finding genuine issues of material fact with respect to the Casimir's negligence claim, the Court will deny the Motion for Summary Judgment.

## FACTS

On April 1, 2008, Plaintiff Mary Casimir and Ivan Casimir (collectively, the "Casimirs") entered Pricesmart's business.[1] Mary Casimir traversed the cereal aisle but forgot to make a selection, so she went back down the aisle again to retrieve the cereal.[2] Thereafter, Casimir slipped.[3] Before slipping, neither Mary Casimir nor Ivan Casimir

---

[1] Def.'s Statement of Undisputed Facts ¶ 1; Def.'s Ex. 1; Pl.'s Opp'n Mot. Summ. J. ¶ 1.

[2] Def.'s Statement of Undisputed Facts ¶ 2; Def.'s Ex. 1.

[3] Def.'s Statement of Undisputed Facts ¶ 3; Def.'s Ex. 1; Pl.'s Opp'n Mot. Summ. J. ¶ 3; Pl.'s Ex. A.

15

observed any water or liquid substance on the floor.[4] They only observed a liquid substance after Mary Casimir slipped and fell.[5] Mary Casimir claims that she saw the water or liquid substance on the floor near the area that she fell.[6] Ivan Casimir did not observe anyone else walk through the water or liquid substance.[7] Mary Casimir also claims that the water or liquid substance was dirty and dark, black or brown in color.[8] During the incident, Pricesmart's employee, Dwight Bennett, was unloading a pallet of frozen chicken and stocking the shelves across from the cereal aisle.[9] Mary Casimir noticed water in the area where she slipped,[10] which appeared to have come from the frozen chicken pallet.[11]

Mary Casimir immediately went to the manager's office to report the incident. When Mary Casimir left the aisle to report the incident, she heard a woman, who was serving a sample of wine near the aisle, accuse Bennett of being careless.[12] Upon Mary Casimir's return to the aisle with the manager, they observed Bennett mopping water on the floor.[13] Ivan Casimir also observed Bennett mopping "brown water like somebody has — like people had passed on it already."[14]

The Casimirs commenced this action by filing a Complaint, alleging negligence and loss of consortium.

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

Summary Judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and

---

[4] Def.'s Statement of Undisputed Facts ¶¶ 4-6; Def.'s Ex. 1.

[5] Dcf.'s Statement of Undisputed Facts ¶¶ 5-6; Def.'s Ex. 1.

[6] Def.'s Ex. 1, Mary Casimir Dep. 40:17-18.

[7] Def.'s Statement of Undisputed Facts ¶7; Def.'s Ex. 3.

[8] Def.'s Ex. 1, Mary Casimir Dep. 40:19; 41:8.

[9] Def.'s Statement of Undisputed Facts ¶ 8; Def.'s Ex. 4; Pl.'s Opp'n Mot. Summ. J. ¶ 5.

[10] Pl.'s Opp'n Mot. Summ. J. ¶ 5; PL's Ex. A

[11] Def.'s Statement of Undisputed Facts ¶ 9; Def.'s Ex. 41; PL's Opp'n Mot. Summ. J. ¶ 6; Pl.'s Ex. C.

[12] Pl.'s Opp'n Mot. Summ. J. ¶ 7; Pl.'s Ex. C-D.

[13] Pl.'s Opp'n Mot. Summ. J. ¶ 7; Pl.'s Ex. C.

[14] Def.'s Mot. Summ. J. p. 2; Def.'s Ex. 3, Ivan Casimir Dep. 10:7-9.

that the moving party is entitled to a judgment as a matter of law."[15] The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.[16] A fact is material only if its existence or non-existence will affect the outcome of a lawsuit under applicable law, and an issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[17] The role of the court is not to weigh the evidence for its truth or credibility, but merely to ascertain whether a triable issue of fact remains in dispute.[18] The non-moving party receives "the benefit of all reasonable doubts and inferences drawn from the underlying facts."[19]

## II. PLAINTIFFS' NEGLIGENCE CLAIM

■■ In its Motion for Summary Judgment, Pricesmart states that the Casimirs cannot, as a matter of law, support their claim against it for negligence and failure to maintain safe premises. Pricesmart acknowledges that, as a business owner holding its facility open to the public for a particular purpose, it has a duty to maintain the "premises in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended."[20] In addition, Pricesmart directs the Court's attention to Section 343 of the RESTATEMENT (SECOND) OF TORTS. Section 343 states that in order to establish that a business owner breached its duty of care, it must be established that the business owner knew or could have reasonably discovered an unreasonable risk of harm to invitees, and should have expected that invitees would not discover or realize the danger, and fails to exercise reasonable care to protect them against the danger.

---

[15] FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *see also Skopbank v. Allen-Williams Corp.,* 7 F. Supp. 2d 601, 605, 39 V.I. 220. 227 (D.V.I. 1998).

[16] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

[17] *Id.*

[18] *Suid v. Phoenix Fire & Marine Ins. Co., Ltd.,* 26 V.I. 223, 225 (D.V.I. 1991).

[19] *Aristide v. United Dominion Constructors, Inc.,* 30 V.I. 224, 226 (D.V.I. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574. 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

[20] *Morris v. Gimbel Brothers. Inc.,* 394 F.2d 143. 145 (3d Cir. 1968).

17

Specifically, Pricesmart argues that it did not breach its duty to maintain safe premises because it did not have actual, constructive or any other knowledge of a dangerous condition on its premises.

Furthermore, Pricesmart cites several cases which hold that the mere existence of a dangerous condition does not raise a presumption of negligence.[21] Pricesmart argues that the Casimirs merely state, in their Complaint, that Pricesmart "well knew" about the water or liquid substance on the floor[22] and support this claim by stating that two ladies expressed to Bennett that he is too careless. Pricesmart also asserts that Ivan Casimir was unable to identify whether either of the two ladies were employees of Pricesmart or customers.[23] Moreover, Pricesmart contends that without knowing whether or not the two ladies were employees, one cannot determine that their statements were within the scope of their employment. Pricesmart cites several cases which support its contention[24] and also states that Ivan Casimir's recitation of the facts is inadmissible hearsay. Thus, Pricesmart reasons that the Casimirs have not provided any evidence to support their allegation that Pricesmart "well knew" or had actual knowledge of the water or liquid substance.

Similarly, Pricesmart claims that the Casimirs cannot show that it had constructive knowledge of the water or liquid substance. Pricesmart claims that the Casimirs' description of the water or liquid substance as dark and brown implies that it had been on the floor for an extended period of time, and that it had been tracked through by other persons and had become dark colored from the dirt from the soles of shoe traffic. Pricesmart argues that the Casimirs, however, have not shown that the water or liquid substance was on the floor long enough for Pricesmart to discover it through the exercise of reasonable care. Pricesmart further

---

[21] *Canton v. Kmart*, Civil Action No. 05-0143, 2010 U.S. Dist. LEXIS 12646, *5 (D.V.I. Feb. 12, 2010) (citing *David v. Pueblo Supermarket*, 740 F.2d 230, 233 (3d Cir. 1984); *Mills v. Sears, Roebuck & Co.*, Civil Action No. 97-3282, 1998 U.S. Dist. LEXIS 5893, *4 (E.D.Pa. Apr. 28, 1998).

[22] Pl.'s Compl. ¶ 8.

[23] Def.'s Ex. 3, Ivan Casimir Dep. 13:1-5.

[24] *See, e.g., Zaken v. Boerer*, 964 F.2d 1319, 1324 (2d Cir. 1992); *United States v. Cruz*, 910 F.2d 1072, 1081 n.10 (3d Cir. 1990); *Carden v. Westinghouse Electric Corp.*, 850 F.2d 996, 1002 (3d Cir. 1988); *Canton v. Kmart Corp.*, Civil Action No. 05-0143, 2010 U.S. Dist. LEXIS 12646, at *8-9 (D.V.I. Feb. 12, 2010); *Hughey v. Home Depot USA, Inc.*, Civil Action No. 08-03213, 2009 U.S. Dist. LEXIS 63737, *1-2 (E.D. Pa. July 23, 2009).

directs the Court to a case from the District Court of the Virgin Islands, *Canton v. Kmart*,[25] for support. Pricesmart further contends that Bennett, by sworn affidavit, stated that there was no water on the floor before he began unloading the frozen chicken pallets which was ten minutes before Mary Casimir's fall. Bennett stated that he discovered a small amount of water, clear in color, only after he was informed by Mary Casimir. Pricesmart also points out that the Casimirs stated that they had not observed the water or liquid substance on the floor before Mary Casimir's fall. Moreover, Pricesmart states that on the date of and within an hour of Mary Casimir's fall, its employee inspected the floors in the area of Mary Casimir's fall and did not notice any water or liquid substance on the floor.

In the Opposition, Mary Casimir states that Pricesmart admits that the source of the water or liquid substance that caused her to slip and fall came from the frozen chicken pallets that Pricesmart's employee placed in the aisle while the Casimirs were shopping. The Casimirs argue that notice is not required when a defendant, itself, had a hand in creating the hazardous condition. In this case, the Casimirs argue that negligence is not based upon what the defendant knew or should have known, but on what the defendant did or failed to do. The Casimirs cite *Larkin v. Superfresh Food Markets, Inc.*[26] a case from the U.S. Court of the Appeals for the Third Circuit. The Casimirs further argue that a fact finder can readily determinate that it was unreasonable for Pricesmart's employee to unpack frozen chicken pallets in the warm aisle while customers were shopping and that it was likely that the frozen chicken would begin to thaw, even within approximately ten minutes, the duration of time stated by Bennett. In addition, the large amount of water or liquid substance that the Casimirs observed on the floor after the fall suggests that the frozen chicken pallets were in the aisle much longer than ten minutes. The Casimirs claim that Bennett's characterization of the water or liquid substance as mere dribble is contradicted by their assertions that there was a large amount of water or liquid substance on the floor, approximately two to three feet across the aisle.[27] Furthermore, the Casimirs assert that Pricesmart had constructive notice of the water or

---

[25] Civil Action No. 05-0143, 2010 U.S. Dist. LEXIS 12646, *10 (D.V.I. Feb. 12, 2010).
[26] *Larkin v. Super Fresh Food Markets, Inc.*, 291 Fed. Appx. 483, 484-85 (3d Cir. 2008).
[27] PL's Exhs. A & B.

liquid substance since Bennett, at least for ten minutes before the fall, was standing adjacent to and unpacking the frozen chicken pallets.

In its reply, Pricesmart states that the proposition that notice need not be established by a plaintiff when a defendant, itself, had a hand in creating the hazardous condition, is based on the Third Circuit Court of Appeals' analysis under Pennsylvania law, and does not reflect the majority rule of law as codified in the RESTATEMENT (SECOND) OF TORTS.

 To recover in a tort claim, the plaintiff must establish that (1) the defendant owed a duty to the plaintiff; (2) the defendant breached its duty; (3) a causal connection exists between the defendant's conduct and the plaintiff's injury; and (4) the plaintiff suffered actual loss or damage.[28] In this case, there is no dispute that Mary Casimir was an invitee on the day of the fall in Pricesmart. A business owner owes a duty to its customers to maintain the business premises in a reasonably safe condition.[29] Thus, the business owner has a duty to take reasonable care to ascertain the actual condition of the premises so that it can eliminate dangerous conditions or warn customers of the conditions and the risk involved.[30] Furthermore, under Section 343 of the RESTATEMENT (SECOND) OF TORTS:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

 The crux of the parties' respective arguments is whether or not Pricesmart had constructive notice of the liquid substance on the floor. "In

---

[28] *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 571, 45 V.I. 495 (D.V.I. 2004); *see also* RESTATEMENT (SECOND) OF TORTS § 281. Absent contrary local law, the restatements of the law are considered binding law in the Virgin Islands. V.I. CODE ANN. tit. 1, § 4.

[29] RESTATEMENT (SECOND) OF TORTS § 343; *David v. Pueblo Supermarket of St. Thomas*, 740 F.2d 230, 236 (3d Cir. 1984).

[30] RESTATEMENT (SECOND) OF TORTS § 343, cmt. d.

order to establish notice, an 'invitee must prove *either* the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition.' "[31] As a preliminary matter, the Court finds that Pricesmart's argument that the law does not reflect the majority law in the Virgin Islands is misplaced. Importantly, the Appellate Division of the District Court of the Virgin Islands stated that "[u]nder Section 343 of the Second Restatement, a landowner has a duty to protect invitees from dangerous or hazardous conditions if she had a hand in causing the condition . . ."[32] Thus, this is the law in the Virgin Islands.[33] Although Pricesmart argues that *Larkin*, cited by the Casimirs, was decided under Pennsylvania law and it does not contemplate the majority rule of law as codified in the RESTATEMENT (SECOND) OF TORTS, Pricesmart is mistaken. When the Third Circuit Court, in *Larkin*. stated the rule that a plaintiff must prove either notice or that a defendant had a hand in creating the dangerous condition, the court cited *Moultrey v. Great A & P Tea Co.*[34] In *Moultrey*, the Superior Court of Pennsylvania examined Sections 343 and 344 of the RESTATEMENT (SECOND) OF TORTS when it held that a plaintiff must prove either notice or that a defendant had a hand in creating the harmful condition. Therefore, this rule is rooted in the RESTATEMENT (SECOND) OF TORTS, which is considered binding law in the Virgin Islands.[35]

 The Casimirs state that Pricesmart admits that the source of the water or liquid substance that caused Mary Casimir's fall came from the pallets of frozen chicken. Having reviewed the record, the Court agrees with the Casimirs' position. Specifically, Pricesmart, in the Motion for Summary Judgment, states that "Mr. Bennett . . . noticed a small dribble of water that appeared to have come from the frozen chicken packaging as it was not present in the area before he began unloading the frozen

---

[31] *Murray v. Dollar Tree Stores, Inc.*, Civil Action No. 09-1270, 2009 U.S. Dist. LEXIS 82487, *7 (E.D. Pa. Sept. 10, 2009) (internal citation omitted); *see also Larkin v. Super Fresh Food Markets, Inc.*, 291 Fed. Appx. 483, 484-85 (3d. Cir. 2008); *Joseph v. Speedy Gas, Inc.*, 55 V.I. 1219, 1227 (D.V.I. App. Div. 2011) (interpreting Section 343 of the RESTATEMENT (SECOND) OF TORTS).

[32] *Joseph v. Speedy Gas, Inc.*, 55 V.I. 1219, 1227 (D.V.I. App. Div. 2011).

[33] 1 V.I.C. § 4.

[34] 281 Pa. Super. 525, 422 A.2d 593, 598 (Pa. Super. Ct. 1980).

[35] *See* 1 V.I.C. § 4.

chicken packages . . ."[36] Pricesmart supports its statement by citing Bennett's affidavit.[37] Thus, the Court concludes, based on the facts, that Pricesmart had a hand in creating the harmful condition. Therefore, the Court finds that there is a genuine issue of material issue of fact whether Pricesmart created the hazardous condition, and thus, this case should be given to a jury for its decision. For that reason, the Court will deny the Motion for Summary Judgment.

██ ██ Although the Court deems that the Casimirs have shown that Pricesmart had a hand in creating the harmful condition and, therefore, do not have to show that Pricesmart had notice of the condition, the Court will address the notice requirement. The Casimirs "would ultimately be required to show that the [substance] was 'on the floor long enough to give [Pricesmart] constructive notice of this potential "unreasonable risk of harm." ' "[38] "This burden is met by demonstrating that the floor condition had existed for such a length of time that the storeowner, in the exercise of ordinary care, should have been aware of the condition."[39] In addition, the Court of Appeals for the Third Circuit in *Saldana v. Kmart* has stated that:

> Circumstantial evidence that a substance was left on the floor for an inordinate period of time can be enough to constitute negligence; where a plaintiff points to such evidence, it is a question of fact for the jury whether, under all the circumstances, the defective condition of the floor existed long enough so that it would have been discovered with the exercise of reasonable care.[40]

██ The Court disagrees with Pricesmart's argument that the Casimirs merely state that it "well knew" about the water or liquid substance. In their Complaint, the Casimirs also state that Pricesmart should have known of the dangerous condition through exercise of reasonable care. Thus, the issue is whether or not Pricesmart had constructive notice of the

---

[36] Def.'s Mot. Summ. J. p. 4.

[37] Def.'s Ex. 4.

[38] *See Saldana v. Kmart*, 260 F.3d 228, 232, 43 V.I. 361 (3d Cir. 2001) (citing *David v. Pueblo Supermarket of St. Thomas*, 740 F.2d 230, 234 (3d Cir. 1984) (quoting RESTATEMENT (SECOND) OF TORTS § 343 (1965))).

[39] *Bright v. United Corp.*, 50 V.I. 215, 224 (2008).

[40] *Saldana*, 260 F.3d at 232 (citing *David*, 740 F.2d at 236).

22

harmful condition. The Casimirs have not provided any proof as to how long the water or liquid substance was on the floor, but state that because of its color and amount, the substance had to have been on the floor longer than the ten minutes that Bennett claims. Further, the Casimirs state that they observed a large amount of the water or liquid substance on the floor which suggests that this condition existed for longer than the ten minutes that Bennett claims. However, the Casimirs also state that the water or liquid substance was on the floor for at least ten minutes, in accord in part, with Bennett's version of the facts. Therefore, the Court finds that the Casimirs' allegation as to the length of time the water or liquid substance was on the floor, the color and amount of the water or liquid substance, coupled with Bennett's approximation, is sufficient to meet the temporal burden required to present the issue to a jury.[41] For that reason, and also because there is a genuine issue of material fact concerning whether Pricesmart created the hazardous condition, the Court will deny the Motion for Summary Judgment.

## CONCLUSION

After a careful and thorough review of the record, the Court finds that there is a genuine issue of material fact concerning whether Pricesmart caused the harmful condition and whether it had notice of the harmful condition. The Court will, therefore, deny Pricesmart's Motion for Summary Judgment.

---

[41] *Cf. Canton v. Kmart*, Civil Action No. 05-0143, 2010 U.S. Dist. LEXIS 12646, *6 (D.V.I. Feb. 12, 2010) (granting a defendant's motion for summary judgment because the plaintiff failed to show that the defendant had constructive notice of a harmful condition since plaintiff did not have evidence of how long the liquid soap had been on the floor before the plaintiff's fall).