690 A.2d 719

**The Estate of Edith May SWIFT deceased by Joseph R. Swift, Jr., as Administrator and Joseph R. Swift, Jr., individually Appellants,**

v.

**NORTHEASTERN HOSPITAL OF PHILADELPHIA, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1996.

Filed Jan. 30, 1997.

Reargument Denied April 10, 1997.

332

Clifford B. Cohn, Philadelphia, for appellants.

John M. Skrocki, Philadelphia, for appellee.

Before DEL SOLE, BECK and POPOVICH, JJ.

DEL SOLE, Judge:

This appeal is from an order granting summary judgment in a wrongful death action brought by the Estate of Edith May Swift and her son Joseph R. Swift, Jr., individually (Appellants) against Northeastern Hospital of Philadelphia (Appellee). We affirm.

The facts gleaned from the record indicate that Decedent had injured herself when she fell off of a ladder. She sought treatment at Appellee's emergency room where she was diagnosed with a compression fracture, as well as myasthenia gravis, a chronic muscular disorder. Decedent was discharged the same day, but before leaving the premises, Decedent went to the restroom where she slipped and fell. Decedent sustained a fracture of her femur and was readmitted. Her doctor's report reveals that she slipped on water. A hospital incident report indicates Decedent stated that her leg gave out. Decedent told her orthopedic surgeon that there

was water on the floor where she fell. While waiting for clearance for a surgical reduction of the fracture, Decedent developed abdominal pain, nausea, vomiting and an elevated temperature. Two days after her surgery, Decedent developed sepsis. She died three weeks later, never having left Appellee's premises.

Appellants filed their Complaint on May 7, 1992. A Motion for Summary Judgment was filed by Appellee on September 30, 1994. The court issued an order on January 18, 1995 allowing Appellants sixty days to identify witnesses who would establish by direct competent testimony that there was a dangerous or defective condition on Appellee's floor and that Appellee had actual or constructive knowledge of that condition. Appellants responded by filing a Motion for Reconsideration. On April 8, 1995, the court denied Appellants' Reconsideration Motion and granted Appellee's Motion for Summary Judgment. The complaint was dismissed with prejudice.[1]

Appellants present the following issues for our review: (1) whether a doctor's notes containing statements by a patient are admissible as evidence under the medical exception to the hearsay rule; (2) whether the court properly granted summary judgment; (3) whether Appellants properly pled a cause of action for hospital malpractice.

First, Appellants question whether Decedent's multiple statements to her doctors in which she relayed that there was water on the floor which caused her to fall, are admissible hearsay. Appellants wish to have Decedent's medical and hospital records employed to support their position that summary judgment was improperly granted. The documents include the Admission Report of Dr. Balla; the Consultant Report of Dr. Plank; the Hospital Discharge Summary; and the Emergency Room Outpatient Registration Record. These business records each contain statements of Decedent that she slipped on water on the floor.

---

**1.** We note that during the course of this appeal the Pennsylvania Rule of Civil Procedure 1035 Motion for Summary Judgment has been rescinded and new Rules Pa.R.Civ.P. 1035.1 et seq., have been enacted.

The medical treatment exception to the hearsay rule provides that testimony repeating out-of-court statements which were made for purposes of receiving medical treatment are admissible as substantive evidence. *Commonwealth v. Smith*, 545 Pa. 487, 492, 681 A.2d 1288, 1291 (1996). There exists a two-part test. First, the declarant must make the statement for the purpose of receiving medical treatment (testimony regarding the cause of the injury is permitted), and second, the statement must be necessary and proper for diagnosis and treatment. *Id.* Here, Appellants argue that Decedent stated the cause of her injury to doctors and medical personnel in order to receive treatment. Having been diagnosed with myasthenia gravis the same day as the accident on Appellee's premises, Decedent's statement that her slip was caused by water on the floor was necessary to insure that her slipping was not related to her newly diagnosed disease, but rather, was caused by external circumstances. We find that Decedent's statements to her doctors and hospital personnel were pertinent to treatment. As such, they are admissible hearsay.

With that evidence in mind, we now consider the issue of whether the lower court erred in granting summary judgment. Summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Marks v. Tasman*, 527 Pa. 132, 134–35, 589 A.2d 205, 206 (1991). The judgment may only be granted in cases that are clear and free from doubt. A reviewing court must examine the record in the light most favorable to the non-moving party, accepting as true all well-pled facts and giving that party the benefit of all reasonable inferences drawn from those facts. The Superior Court may overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *Hoffman v. Brandywine Hospital*, 443 Pa.Super. 245, 250, 661 A.2d 397, 399 (1995) (citations omitted).

■■■ The mere fact that an accident occurred does not give rise to an inference that the injured person was the victim of negligence. *McDonald v. Aliquippa Hospital,* 414 Pa.Super. 317, 321, 606 A.2d 1218, 1220 (1992). Pennsylvania law places the burden on the plaintiff to establish the existence of negligence on the part of the defendant by proving four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. *Pittsburgh National Bank v. Perr,* 431 Pa.Super. 580, 584, 637 A.2d 334, 336 (1994). Thus, establishing a breach of a legal duty is a condition precedent to a finding of negligence. *Shaw v. Kirschbaum,* 439 Pa.Super. 24, 29, 653 A.2d 12, 15 (1994).

■■■ The nature of the duty which is owed in any given situation hinges primarily upon the relationship between the parties at the time of the plaintiff's injury. *Pittsburgh National Bank v. Perr, supra.* The standard of care that a possessor of land owes to one who enters upon the land depends upon whether the entrant is a trespasser, a licensee or an invitee. *Carrender v. Fitterer,* 503 Pa. 178, 184, 469 A.2d 120, 123 (1983). Here, Appellants have pled facts which establish that Decedent was a business invitee. A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. *Palange v. City of Philadelphia Law Department,* 433 Pa.Super. 373, 378, 640 A.2d 1305, 1308 (1994). As such, Decedent was entitled to the highest duty of care. *Beary v. Pennsylvania Electric Co.,* 322 Pa.Super. 52, 59, 469 A.2d 176, 178 (1983). Applying section 343 of the Restatement (Second) of Torts, this court has explained that a party is subject to liability for physical harm caused to an invitee only if:

he knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, he should expect that the invitee will not realize it or will fail to protect themselves against it, and the party fails to exercise reasonable care to protect the invitees against the danger.

*Blackman v. Federal Realty Investment Trust,* 444 Pa.Super. 411, 415, 664 A.2d 139, 142 (1995).

An invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition. *Moultrey v. Great Atlantic & Pacific Tea Co.,* 281 Pa.Super. 525, 535, 422 A.2d 593, 598 (1980).

Viewing the record in the light most favorable to Appellants as the nonmoving party, we find that, although Appellants have presented evidence in the form of multiple admissible medical reports which contain Decedent's statements that her fall was caused by water on the floor, Appellants have failed to show in the record that Appellee had notice of the condition. Appellants present no evidence as to how the water arrived on the floor. Nor is there evidence as to how long the condition existed. Instead, Appellants cite Appellee's janitorial maintenance records which indicate that the person charged with maintaining the area where Decedent fell had left the hospital property four hours prior to the accident. From this fact, Appellants infer that Appellee was negligent in not replacing the missing maintenance person and, therefore, caused the condition to exist. However, there is no evidence that the area was not monitored or maintained by other members of Appellee's staff.

Without such proof, Appellants cannot establish a breach of the legal duty owed to Decedent by Appellee which is a condition precedent to a finding of negligence.[2] Consequently, the trial court properly granted Appellee's motion for summary judgment.

In addition, Appellants contend that their complaint raises two separate and distinct theories of liability: premises liability and hospital malpractice. The lower court found that

2. To avoid the fact that Appellants cannot establish that Appellee knew or should have known of the condition of the floor, they claim that Appellee failed to comply with discovery requesting maintenance and repair records for plumbing fixtures in and around the area where Decedent fell. (JRR, p. 224). However, Appellee informed Appellants that no maintenance work requisition forms existed. (JRR, p. 253).

Appellants' complaint only raises a cause of action for premises liability. We agree.

In this Commonwealth, the pleadings must define the issues and thus every act or performance essential to that end must be set forth in the complaint. *Santiago v. Pennsylvania National Mutual Casualty Insurance Co.,* 418 Pa.Super. 178, 185, 613 A.2d 1235, 1238 (1992). The purpose behind the rules of pleading is to enable parties to ascertain, by utilizing their own professional discretion, the claims and defenses asserted in the case. This purpose would be thwarted if courts, rather than the parties, were burdened with the responsibility of deciphering the causes of action from a pleading of facts which obscurely support the claim. *Krajsa v. Keypunch, Inc.,* 424 Pa.Super. 230, 236, 622 A.2d 355, 357 (1993).

While it is not necessary that the complaint identify the specific legal theory of the underlying claim, it must apprise the defendant of the claim being asserted and summarize the essential facts to support that claim. *Id.* at 235, 622 A.2d 355, A.2d at 357. If a plaintiff fails to properly plead a separate cause of action, the cause he did not plead is waived. *Garcia v. Community Legal Services Corp.,* 362 Pa.Super. 484, 489, 524 A.2d 980, 982 (1987).

Appellants contend that they properly pled and proved a case of medical malpractice. They claim that Decedent should not have been permitted to leave the emergency area unaccompanied. A fair reading of Appellants' complaint reveals the lack of a pleading of hospital malpractice. Appellants refer to the following section of their complaint in support of their assertion:

12. The aforementioned accident and resulting injuries and/or damages sustained by Edith May Swift directly and proximately resulted from the negligence, carelessness and/or unlawfulness of Defendant Hospital (Appellee), which conduct consisted of, but was not limited to, the following:

(a) Failing to regard the rights, safety and position of the Plaintiff (Decedent) in and about the area in the aforementioned incident;

(b) Allowing the liquid and/or debris to exist on or about the floor where Defendant knew of should have known business invitees would be walking;

. . .

(d) Failing to use due care knowing that sick and injured people use the facilities.

Appellant's Complaint, p. 3.

This complaint is completely devoid of any reference to a cause of action for hospital malpractice, rather, it presents solely a claim of premises liability. Therefore, the hospital malpractice cause of action is waived.

Order affirmed.