BLD-210                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1560
_____

ABDUL RAHIM HOWARD,

Appellant

v.

UNITED STATES OF AMERICA, Federal Bureau of Prisons
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4:10-cv-00840)
District Judge:  Honorable Robert D. Mariani

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 28, 2012

Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed: July 18, 2012)
_____

OPINION
_____

PER CURIAM

Abdul Rahim Howard, proceeding pro se, appeals from the District Court's order

granting the defendant's motion for summary judgment.  Because the appeal does not

present a substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Howard, a federal prisoner, filed a pro se complaint in district court, alleging that he slipped and fell on January 7, 2009, while reporting for a work assignment at the United State Penitentiary ("USP Canaan") in Waymart, Pennsylvania. He further alleges that, as a result, he sustained injuries to his right wrist, elbow, shoulder, and hip, as well as his lower back. Howard contends that slippery conditions at the entrance to a corridor, the gold corridor, were allowed to persist due to the negligence of prison staff. Specifically, he contends the floor and mat in the entry way were "saturated with snow, water, and ice" and the area had no warning signs. He seeks relief pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

The magistrate judge granted Howard's motion to proceed in forma pauperis and denied his motion for appointment of counsel. The magistrate judge also denied the government's first motion for summary judgment without prejudice to its re-filing once Howard had had an opportunity to conduct discovery. The government filed a subsequent motion for summary judgment, and the magistrate judge issued a report and recommendation, recommending that the court enter judgment in favor of the United States on the ground that Howard had failed to establish that the defendant created a hazardous condition or that it had actual or constructive notice of such a condition.

2

Howard filed objections to the report and recommendation. The District Court subsequently adopted the report and recommendation in its entirety and granted the defendant's motion for summary judgment. Howard filed a timely appeal, and his motion to proceed in forma pauperis on appeal was granted.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "Our review of a district court's grant of summary judgment is plenary, and we must apply the same standard the district court was required to apply under Federal Rule of Civil Procedure 56[])." Spence v. ESAB Group, Inc., 623 F.3d 212, 216 (3d Cir. 2010). "In evaluating the evidence, we must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Id. (internal quotation marks and citations omitted).

Under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, and its liability "is generally determined by reference to state law." Molzof v. United States, 502 U.S. 301, 305 (1992). A claim brought under the FTCA is governed by "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Accordingly, Pennsylvania law governs Howard's claims. See DeJesus v. U.S. Dep't of Veterans Affairs, 479 F.3d 271, 279 (3d Cir. 2007). To establish negligence on the part of the defendant under Pennsylvania law, the plaintiff must show: (1) that the defendant owed him a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual injury. Pittsburgh

3

Nat'l Bank v. Perr, 637 A.2d 334, 336 (Pa. Super. Ct. 1994); see also Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir. 2005).

The Bureau of Prisons must exercise ordinary diligence in keeping prisoners safe and free from harm. See 18 U.S.C. § 4042; Jones v. United States, 534 F.2d 53, 54 (5th Cir. 1976). Because Pennsylvania law recognizes inmates as invitees, see Graf v. Cnty. of Northampton, 654 A.2d 131, 134 (Pa. Commw. Ct. 1995), Howard had to show that staff at USP Canaan: (1) knew of the slippery corridor condition or would have discovered it by the exercise of reasonable care, and should have realized that it posed an unreasonable risk of harm; (2) should have expected that Howard would not discover the danger or would have failed to protect himself against it; and (3) failed to exercise reasonable care to protect Howard from the danger. See Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983). Further, Howard had to demonstrate that USP Canaan staff either had a hand in creating the harmful condition or had actual or constructive notice of the condition. See Estate of Swift v. Ne. Hosp. of Phila., 690 A.2d 719, 722 (Pa. Super. Ct. 1997).

In his deposition, Howard testified that he was let out of the housing unit to go to his work assignment in the gold corridor at 7:30 a.m., and on that particular day the mandatory route was through the outside compound where it was "ice raining" with some accumulation. The record shows that the gold corridor was not open before the 7:30 a.m. work call when the inmates began passing through, that it was thus dry at that time, and

4

that Howard was at the tail end of the procession. By Howard's own testimony, only one other inmate was entering the gold corridor at the same time that he was. Even assuming that some type of water did accumulate or soak the mat, or both, after the other inmates had passed through the entryway, there is no evidence in the record that it was there for any period of time before Howard's fall. Viewing the complaint and all the evidence in Howard's favor, we agree that there was insufficient evidence in the record upon which a jury could conclude that USP Canaan staff knew, or should have known, about the condition or failed to do anything about it.

We have considered Howard's other arguments raised on appeal and conclude that they lack merit and warrant no additional discussion. Accordingly, we will affirm the judgment of the District Court.