BELTRAMI, J.,
ORDER OF COURT
And now, this 22nd day of April, 2015, “plaintiffs’ motion for partial summary judgment on liability only,” filed on January 20, 2015, is hereby denied.
STATEMENT OF REASONS
On December 9, 2013, plaintiffs, who are husband and wife, filed a complaint against defendant alleging negligence in Count One and loss of consortium in Count Two. In their complaint, plaintiffs allege that on September 25, 2012, plaintiff Mark Duarte (“plaintiff’) was helping his father, defendant Victor Duarte (“defendant”), “move a very heavy cast iron radiator up a flight of stairs.” (Compl. ¶ 3; Answer ¶ 3.) Defendant was pushing the radiator, while plaintiff was pulling it up the stairs. (See Compl. ¶ 4; Answer ¶ 4.) The complaint alleges that when they reached the last step, defendant pushed “too hard” and that the radiator fell on plaintiff, causing him to suffer severe injuries to his foot. (Compl. ¶¶5, 9.)
*423 On April 3, 2014, defendant filed an answer with new matter. On April 7, 2014, plaintiffs filed a reply to defendant’s new matter.
On January 20,2015, plaintiffs filed the instant motion for partial summary judgment. On February 13, 2015, defendant filed an answer to plaintiffs’ motion. Briefs have been filed, and oral argument was heard on February 24,2015.
Pennsylvania Rule of Civil Procedure 1035.2 establishes the standard of review for a motion for summary judgment as follows:
After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report.
Pa.R.C.P. No. 1035.2. Summary judgment may only be granted when the record clearly shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Summers v. Certainteed Corp., 997 A.2d 1152, 1159 (Pa. 2010). The moving party bears the burden of proving that no genuine issue of material fact exists. Barnish v. KWI Bldg. Co., 916 A.2d 642, 645 (Pa. Super. 2007). In deciding a motion for summary judgment, the record must be viewed in the light most favorable to the non-moving party, and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. Ario v. Ingram Micro, *424 Inc., 965 A.2d 1194,1200 (Pa. 2009). Even where the facts are agreed upon, summary judgment cannot be entered if the facts can support conflicting inferences. Washington v. Baxter, 719 A.2d 733, 740 n.10 (Pa. 1998).
The party opposing a motion for summary judgment may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying
(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion.
Pa.R.C.P. No. 1035.3(a)(1). In deciding a motion for summary judgment, the “record” available for the court’s examination includes the pleadings, discovery materials, affidavits, and expert reports. Pa.R.C.P. No. 1035.1.
In this case, plaintiffs argue that, based upon defendant’s deposition testimony, the facts are undisputed and that defendant’s testimony establishes, as a matter of law, that he was negligent. More specifically, plaintiffs direct the court to the following testimony of defendant:
Q. In the process of moving this radiator up on September 25th, 2012, was there an accident?
A. Yes.
Q. Okay. And what happened in the accident?
A. Well, I was pushing step by step. When we got to the last step, I pushed a little bit too hard to get the radiator up to the macadam, at that, the level ground.
*425 Q. Okay.
A. And that’s when [plaintiff] fell back and the radiator fell on his foot.
Q. Okay. When you say you pushed the radiator too hard, did the, did the radiator get pushed over on top of him?
MS. MAMOUNAS: Object to the form. You can answer.
A. Well, I was pushing upward on the radiator. It just happened. I just...
BY MR. ORLOSKI:
Q. Okay. Were you pushing it up and in [plaintiff]’s direction?
A. Yes.
Q. Okay. And tell us what happened to [plaintiff]’s body when this occurred?
A. Oh, he was, he laid, he was laying down, he fell on his back.
Q. Okay.
A. And the radiator fell on his foot and leg, you know, part of the leg and foot.
[[Image here]]
Q. Okay. I want to go back to the time on the steps as this accident was happening. Is there anything that [plaintiff] did to cause the radiator to fall onto his foot?
*426 A. No.
Q. Okay. Is it true that the only reason the radiator fell onto his foot is because you accidentally pushed it too hard?
MS. MAMOUNAS: Objection to the form.
A. Yes.
(Def.’s Dep. 22:1-23:4, 40:20-41:5, Oct. 7, 2014.)
Plaintiffs argue that defendant has admitted that he is solely responsible for the accident because he pushed the radiator too hard. Therefore, plaintiffs argue, they are entitled to partial summary judgment on the issue of liability and that the trial should be limited to the issue of damages.
“Negligence is established by proving the following four elements: ‘(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages.’ Estate of Swift by Swift v. Northeastern Hosp., 456 Pa.Super. 330, 690 A.2d 719, 722 (1997).” Grossman v. Barke, 868 A.2d 561, 566 (Pa. Super. 2005).
Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances. The mere occurrence of an accident does not establish negligent conduct. Rather, the plaintiff has the burden of establishing, by a preponderance of the evidence, that the defendant engaged in conduct that deviated from the general standard of care expected under the circumstances, and that this deviation proximately caused actual harm.
*427 Martin v. Evans, 711 A.2d 458,461 (Pa. 1998).
The existence of a duty of care owed by defendant to plaintiff is not at issue in this case, and it is undisputed that plaintiff sustained an injury. If it is determined that defendant breached his duty of care to plaintiff, causation would not be at issue, although comparative negligence might preclude defendant’s liability for damages. See 42 Pa.C.S.A. § 7102(a) (providing that when claimant’s comparative negligence exceeds negligence of tortfeasor, claimant is barred from recovery). Rather, the issue in this case is the sufficiency of plaintiffs’ evidence to establish that there is no genuine issue of material fact regarding whether defendant breached his duty of care to plaintiff. Thus, plaintiffs’ motion can only be granted if the facts to be determined from defendant’s deposition testimony are so clear that reasonable minds cannot differ in concluding that defendant deviated from the care a reasonably prudent person would exercise in the same circumstances and that defendant was, therefore, negligent. See Rauch v. Mike-May er, 783 A.2d 815, 821 (Pa. Super. 2011) (“[OJnly when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment”).
As noted above, the mere happening of an accident does not constitute negligence. As also noted above, even where the facts are undisputed, the court cannot grant summary judgment if those facts can support conflicting inferences. Finally, as the court has also noted, the record must be viewed in the light most favorable to defendant. Viewing defendant’s testimony in this regard, there are material issues of fact as to what inferences are to be drawn and what conclusions are to be reached from his statement that he “pushed a little bit too hard.” (Def.’s Dep. 22:6-7, Oct. 7, 2014.) In other words, reasonable minds can differ as *428 to whether defendant acted in a manner which fell below the standard of care for the circumstances or whether this was merely the happening of an accident. Accordingly, plaintiffs are not entitled to partial summary judgment.