J-A34025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT BUTKA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOSEPH ANDREWS, M.D. AND WVHCS HOSPITAL | |
| | No. 682 MDA 2015 |

Appeal from the Judgment Entered March 17, 2015
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 476 of 2009

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 24, 2016**

Robert Butka appeals from the judgment entered March 17, 2015,[1] in the Luzerne County Court of Common Pleas, in favor of the defendants, Joseph Andrews, M.D. ("Dr. Andrews"), and WVHCS Hospital, in this medical malpractice action.  On October 2, 2014, the jury returned a verdict finding

---

[1] We note the March 17, 2015, judgment was entered only with respect to Dr. Andrews.  Accordingly, this Court notified Butka of the defect in the docket, and, on November 20, 2015, he filed a *praecipe* for the entry of judgment against WVHCS Hospital.  Although the notice of appeal was filed before the entry of judgment, this Court may overlook that defect and "treat the appeal as having been taken from the final judgment in this case."  ***Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.***, 948 A.2d 834, 842 (Pa. Super. 2008), *aff'd*, 2 A.3d 526 (Pa. 2010).  ***See*** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").  Accordingly, this appeal is properly before us.

Dr. Andrews negligent, but concluding his negligence was not a factual cause of Butka's harm. On appeal, Butka argues the trial court erred in (1) granting a partial nonsuit in favor of the defendants on the issue of negligent record keeping, and (2) providing a jury instruction on the issue of negligent record keeping. For the reasons below, we affirm.

The facts underlying Butka's malpractice claim are summarized by the trial court as follows:

> On or about January 8, 2007, Robert Butka was eating pork that became lodged in the lower part of his esophagus. Mr. Butka first went to his primary care doctor who referred him to Wilkes-Barre General Hospital for barium study. That barium study revealed an obstruction of the distal esophagus, likely related to the foreign body. Robert Butka then went to the Wilkes-Barre General Hospital Emergency Room where he consulted with Dr. Joseph Andrews. Dr. Joseph Andrews performed an upper endoscopy for removal of the foreign body by placing a small snare through a scope and wrapping it around the food bolus, which was eventually removed. Afterwards a small tear of the esophagus was noted which was repaired the next day. [Butka] alleges [Dr. Andrews] performed the procedure improperly and improperly sedated [Butka] during the endoscopic procedure.

Trial Court Opinion, 2/6/2015, at 1.

Butka initiated this medical malpractice action by writ of summons on January 8, 2009. Thereafter, he filed a complaint on April 24, 2009, alleging, *inter alia*, Dr. Andrews was negligent in failing to properly perform the endoscopy, failing to timely identify the esophageal tear, and failing to properly follow-up with Butka. Butka also alleged WVHCS Hospital was

vicariously liable for the negligence of its agent, Dr. Andrews.[2] The case proceeded to a jury trial on September 29, 2014.

During trial, Dr. Andrews' counsel moved for a partial nonsuit with regard to Butka's claim of negligent record keeping, an issue that had arisen during trial and was not pled in the complaint. N.T., 9/29/2014-10/2/2014, at 503. The court granted the partial nonsuit, and, additionally, instructed the jury that the evidence of negligent record keeping was to be considered only for impeachment purposes, and not as substantive evidence of Dr. Andrews' negligence. *Id.* at 777.

On October 2, 2014, the jury returned a verdict finding Dr. Andrews was negligent, but also finding his negligence was not a factual cause of the harm to Butka. *See* Verdict Slip, 10/2/2014. Butka filed timely post-trial motions seeking judgment notwithstanding the verdict or a new trial, based, in part, upon the trial court's grant of a partial nonsuit and jury instruction on the issue of negligent record keeping. The trial court denied the motion on February 6, 2015, and subsequently denied a motion for reconsideration. Judgment was entered on the verdict, and this timely appeal followed.[3]

_____

[2] Although Butka originally named six healthcare providers as defendants, only Dr. Andrews and WVHCS Hospital remained at the time of trial.

[3] On April 20, 2015, the trial court ordered Butka to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Butka complied with the court's directive, and filed a concise statement on May 11, 2015.

In his first issue, Butka argues the trial court erred when it granted a partial nonsuit on the claim of negligent record keeping. Butka asserts "negligent record keeping" is not a recognized cause of action in Pennsylvania, and, therefore, he was not required to submit any proof on that issue or include the claim in his complaint. Butka's Brief at 9. Rather, he contends, the evidence regarding the lack of "significant critical information" in his medical records was relevant for other reasons. *Id.* at 15. He notes that, in a medical malpractice case, the plaintiff must show the doctor defendant did not "have the same knowledge and skill and use the same care normally used in the medical profession[.]" *Id.* at 14. To that end, Butka asserts: "Whether or not documentation in medical records – or more appropriately, for purposes of the instant case, lack thereof – constitutes negligence under these standards is a question for the jury." *Id.* Therefore, citing **Magette v. Goodman**, 771 A.2d 775 (Pa. Super. 2001), *appeal denied*, 790 A.2d 1017 (Pa. 2001), he claims "the jury in this case should have been permitted to draw an inference that the records in this case which were devoid of significant critical medical information were unfavorable to [Dr. Andrews' and WVHCS Hosptial]." Butka's Brief at 15.

The trial court explained, however, it granted a partial nonsuit on the issue of negligent record keeping because the claim was not properly before the jury. First, the court noted Butka's "[c]omplaint makes no reference whatsoever to a failure to properly document [Butka's] chart [or] that … Dr. Andrews[] failed to maintain and keep adequate medical records." Trial

Court Opinion, 2/6/2015, at 11. Additionally, it emphasized none of the three reports submitted by Butka's expert gastroenterologist, Dr. Maxwell Chait, referenced "a breach in the standard of care by Dr. Andrews based upon a failure to maintain adequate medical records and/or a failure to document the hospital chart." *Id.* at 12. The court opined:

> In the case at bar, there is no medical testimony by way of an expert report to support a theory of negligence based upon "inadequate record keeping." The pleadings are void of any allegation of the sort. Therefore, [Butka] and his expert were not permitted to bring forth any evidence to support such a claim. It would have been outside the pleadings and beyond the fair scope of the medical reports and prejudicial to [Dr. Andrews and WVHCS Hospital], who had no notice to prepare for such a claim.

*Id.* at 14.

We find no reason to disagree with the sound reasoning of the trial court. First, Butka's argument is self-defeating. He contends there is no recognized cause of action for negligent record keeping in Pennsylvania, but, also claims the trial court abused its discretion in granting a nonsuit on that issue. If there is no recognized cause of action for negligent record keeping, there would have been no reason for the issue to proceed to the jury.

Moreover, we agree with the trial court that Butka failed to assert this claim in his complaint, or produce evidence to support the claim through his expert reports. The complaint alleged Dr. Andrews was negligent based upon the following:

> a) Failure to properly perform the upper endoscopy on January 9, 2007, resulting in a tear of the proximal stomach and distal esophagus.

b) Failure to timely identify the tear of the proximal stomach and distal esophagus that occurred as a result of said upper endoscopy.

c) Failure to follow-up with [Butka] to timely and properly identify and treat post-operative complications.

Complaint, 4/24/2009, at ¶77(a)-(c). **See also id.** at Count III, ¶2(a)-(c) (asserting WVHCS Hospital's vicarious liability for acts of its agent Dr. Andrews).

Nowhere in the complaint did Butka assert that (1) Dr. Andrews negligently omitted information from Butka's medical records, (2) the omission violated the doctor's duty of care, or (3) the omission was a factual cause of Butka's injuries. Therefore, the court properly determined that the issue of negligent record keeping was not a proper issue for trial. **See Estate of Swift v. Northeastern Hosp. of Philadelphia**, 690 A.2d 719, 723 (Pa. Super. 1997) ("While it is not necessary that the complaint identify the specific legal theory of the underlying claim, it must apprise the defendant of the claim being asserted and summarize the essential facts to support that claim."), *appeal denied*, 701 A.2d 577 (Pa. 1997).

Furthermore, the court correctly found that a claim of negligent record keeping was not raised in Butka's expert's report. Although Dr. Chait did state Butka's hospital records "lacked sufficient documentation" and contained "conflicting" information, which made it "difficult to determine exactly what happened to Mr. Butka to result in the occurrence of the tear[,]" he did **not** opine the lack of documentation violated a standard of care, or caused Butka's injuries. **See** Expert Report of Maxwell M. Chait,

- 6 -

M.D., 9/4/2014, at 3. As noted by the trial court, an expert's testimony is limited to information within the fair scope of his expert report. **See** Pa.R.C.P. 4003.5(c).

When applying the "fair scope" rule, our court has held that:

> In deciding whether an expert's trial testimony is within the fair scope of his report, the accent is on the word "fair[.]" The question to be answered is whether, under the particular facts and circumstances of the case, the discrepancy between the expert's pre-trial report and his trial testimony is of a nature which would prevent the adversary from preparing a meaningful response, or which would mislead the adversary as to the nature of the response.

> **Brady v. Ballay, Thornton, Maloney, Maloney Med.**, 704 A.2d 1076, 1079 (Pa.Super. 1997) (quoting **Jones v. Constantino**, 429 Pa.Super. 73, 631 A.2d 1289, 1294-95 (1993)).

**Corrado v. Thomas Jefferson Univ. Hosp.**, 790 A.2d 1022, 1029 (Pa. Super. 2001). Here, a claim that Dr. Andrews' purported negligent record keeping violated a standard of care owed to Butka, or in any way caused his injuries, was not within the "fair scope" of Dr. Chait's expert report.

Lastly, we note Butka's reliance on **Magette**, **supra**, is misplaced. In that case, a panel of this Court considered, *inter alia*, whether "the trial court erred by failing to charge the jury with a permissive adverse inference instruction." **Magette**, **supra**, 771 A.2d at 780. While a nurse tried to remove the decedent from anesthesia following surgery, the decedent died of cardiac arrest. **Id.** at 776-777. The decedent's estate requested a permissive adverse inference charge because the doctor "discarded an EKG

strip which would have been material to [its] case," in violation of hospital policy "to retain medical records for a minimum of seven years following discharge." *Id.* at 780. The trial court declined to give such an instruction. On appeal, the panel reversed the judgment in favor of the hospital, concluding the doctor failed to provide a satisfactory explanation for his actions, and "the trial court erred in denying [the estate's] request for an adverse inference instruction." *Id.* at 781.

Here, our review of the record reveals Butka never requested an adverse inference instruction, nor objected to the trial court's jury charge on that basis. Therefore, *Magette* is distinguishable on its facts, and Butka's claim premised on the court's failure to give an adverse inference instruction is waived.[4] *See Krepps v. Snyder*, 112 A.3d 1246, 1254-55 ("[I]f a party fails to object specifically to a trial court's jury instruction, the objection is waived and cannot be raised in a subsequent appeal.") (citation omitted), *appeal denied*, 125 A.3d 778 (Pa. 2015).

In his second issue, Butka argues the trial court abused its discretion when it instructed the jury on negligent record keeping.

> In examining jury instructions, our standard of review is limited to determining whether the trial court committed a clear abuse of discretion or error of law controlling the outcome of the case. Because this is a question of law, this Court's review is plenary.

_____

[4] Furthermore, as discussed *infra*, the jury was instructed they could consider Dr. Andrews' alleged negligent record keeping when determining the doctor's credibility.

In reviewing a challenge to a jury instruction, the entire charge is considered, as opposed to merely discrete portions thereof. Trial courts are given latitude and discretion in phrasing instructions and are free to use their own expressions so long as the law is clearly and accurately presented to the jury.

*Cooper ex rel. Cooper v. Lankenau Hosp.*, 51 A.3d 183, 187 (Pa. 2012) (internal citations omitted).

As noted above, the trial court provided a specific jury instruction on the issue of negligent record keeping. The court charged the jury:

You've heard evidence regarding negligent record keeping. You may consider it only for the limited purpose of impeachment or credibility. You should not consider it for substantive evidence of defendant's negligence, breach of standard of care, or cause of injury.

*Id.* at 777. Butka contends the court's charge "neither defined nor clarified negligence, and instead, misled the jury during its deliberations." Butka's Brief at 17. As evidence of this, he emphasizes that during deliberations, the jurors asked, "can negligence be based on lack of documentation? … And if we find [Dr. Andrews] negligent, can we not find him as a cause for harm?" N.T., 9/29/2014-10/2/2014, at 804-805. Butka asserts "a plain reading of these questions reveals the confusion caused by [the court's instruction]." Butka's Brief at 17.

Moreover, Butka argues this instruction contradicted the standard charge on professional negligence, which permits **an inference** of negligence "where there is negligent, careless, or an unskilled performance by a physician of the duties imposed on him or her by the professional relationship with the patient or where the physician shows a lack of proper

care and skill in the performance of a professional act." *Id.* at 18 (emphasis omitted). He asserts the court's instruction "specifically prohibited such an inference by instructing the jury that it could not presume negligence or causation based upon 'negligent record keeping.'" *Id.*

The trial court, however, determined the instruction was proper because Butka "kept bringing up the issue [of negligent record keeping] in front of the jury" despite the fact that he did **not** plead facts to support such a claim in his complaint, and did **not** present expert evidence that Dr. Andrews' alleged negligent record keeping violated a standard of care, or caused Butka's injuries. Trial Court Opinion, 2/6/2015, at 16. We agree.

The trial court's instruction properly framed the issue of negligent record keeping for the jury. The jury was, in fact, permitted to consider whether the omissions in Butka's records undermined Dr. Andrews' credibility. They were not, however, permitted to consider whether Dr. Andrews' alleged failure to properly document Butka's care in the medical records, itself, violated the standard of care of a physician. As discussed above, Butka presented no expert evidence to support such claim.

Accordingly, because we conclude Butka is entitled to no relief, we affirm the judgment in favor of Dr. Andrews and WVHCS Hospital.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2016