J-A24007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KATHY MARIE HUFF, ADMINISTRATRIX OF THE ESTATE OF MELISSA ANN HUFF, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | No. 475 MDA 2018 |
| JEFFREY A. MOSER, JOHN DOE, ACUMEN CONTRACTING, INC., AND PETE VITI | : : : | |

Appeal from the Order Entered February 16, 2018
In the Court of Common Pleas of Adams County
Civil Division at No(s):  2014-SU-0000773

BEFORE:  OTT, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 22, 2019**

Kathy Marie Huff, Administratrix of the Estate of Melissa Ann Huff, Deceased (Appellant), appeals from the order entered February 16, 2018, in the Court of Common Pleas of Adams County, that made final the order of April 11, 2017, and clarified by the order of April 18, 2017, granting summary judgment in favor of Acumen Contracting, Inc. and Pete Viti (collectively, Appellees).[1]  Appellant contends "genuine issues of material fact exist as to

---

[1] It bears mention that Appellant's previous appeal at 751 MDA 2017 from the order of April 11, 2017, and clarified by the order of April 18, 2017, was quashed because, following the trial court's grant of summary judgment in favor of Appellees, claims remained pending against two defendants, Jeffery A. Moser and John Doe.  The Amended Complaint alleges John Doe was an

whether defendants, Acumen/Viti/Doe (Head), are vicariously liable for errors or omissions of its employees." Appellant's Brief at 3.

The facts and procedural history of this case are well known to the parties and there is no need to repeat the background of this case. We simply

_____

employee of Acumen; the John Doe defendant was later identified as Coty Head.

In February, 2018, Appellant and Moser entered into a stipulation whereby Moser agreed to accept full and complete liability and responsibility for the accident and injuries and death of Melissa Huff in exchange for the withdrawal of the lawsuit against him without prejudice. Appellant and Moser further stipulated that "the Stipulation marks the official end of this case and request a final order by the trial court to permit the appeal to proceed." The trial court, on February 16, 2018, entered the following order:

> [P]ursuant to the stipulation of the remaining parties in this action, it is hereby Ordered that the Plaintiff shall file appropriate documentation withdrawing the claim against Jeffery A. Moser without prejudice pursuant to an agreement of the parties within ten (10) days of the date of this order.
>
> The video conference scheduled for February 16, 2018 is cancelled. This matter is stricken from the trial term commencing March 5, 2018.
>
> Plaintiff's counsel shall file the stipulation entered between the parties with the Adams County Prothonotary's Office prior to or concurrent with the withdrawal entered in this action.

Order, 2/16/2018. The Stipulation was filed of record on February 16, 2018. Furthermore, Appellant's notice of appeal states the Stipulation and withdrawal were filed as one document. The claims against the John Doe defendant (identified as Coty Head) are effectively dismissed by the trial court's February 16, 2018 order. Hence, the order under appeal is a final order. **_See_** Pa.R.A.P. 341.

state this case arose on November 21, 2013, at approximately 7:00 p.m., as a result of a tragic motor vehicle accident that fatally injured Melissa Ann Huff (decedent).[2] At the time of the accident, Jeffrey A. Moser was driving a vehicle owned by his employer, Acumen Contracting, Inc. (Acumen) and Pete Viti, sole owner and president. Moser worked for Acumen as a general contractor, but was not permitted by Acumen to drive the vehicle at any time; however, Moser was allowed to keep the vehicle at his residence. Coty Head, who lived in Moser's residence, transported Moser to work in the Acumen vehicle for Acumen.

Appellant commenced an action to recover damages arising out of the November 21, 2013 motor vehicle accident. Moser, Acumen, Viti and John Doe (later identified as Coty Head) were named as defendants.[3] Appellees filed a motion for summary judgment, which the trial court granted on April 11, 2017. On April 18, 2017, the trial court entered an order that clarified the claims against Moser and John Doe remained pending for trial. Thereafter, as a result of a Stipulation between Appellant and Moser, the trial court entered

---

[2] We note a typographical error in the first sentence of the trial court's opinion that states the name of the decedent as Kathy Marie Huff, rather than Melanie Ann Huff.

[3] The Amended Complaint also included Dram Shop claims against a number of defendants (Dram Shop Defendants); however, on January 11, 2016, Appellant withdrew the causes of action against the Dram Shop Defendants.

an order on February 16, 2018, directing Appellant to file appropriate documentation withdrawing the claim against Moser without prejudice pursuant to the agreement of the parties, [4] and further directing the matter stricken from the trial list. This appeal timely followed.[5]

> Our standard of review is well settled:
>
> On an appeal from a grant of summary judgment, a reviewing court must examine the record in a light most favorable to the nonmoving party, accepting as true all well-pleaded facts and giving that party benefit of all reasonable inferences which can be drawn from those facts. **Hoffman v. Brandywine Hospital**, 443 Pa. Super. 245, 661 A.2d 397 (Pa. Super. 1995). The Superior Court will reverse a grant of summary judgment only when the trial court has committed an error of law or abused its discretion. **Butterfield v. Giuntoli**, 448 Pa. Super. 1, 670 A.2d 646 (Pa. Super. 1995).

**Brezenski v. World Truck Transfer, Inc**., 755 A.2d 36, 38 (Pa. Super. 2000).

After a thorough review of the record, the briefs of the parties, the applicable law and standard of review, and the well-reasoned opinion of the Honorable Michael A. George, we conclude Appellant's claim presents no basis upon which to grant relief. The trial court's opinion comprehensively discusses and properly disposes of the question presented. **See** Trial Court Opinion, 5/14/2018, 2-7 (finding: (1) there is no factual dispute in the record that

---

[4] As noted earlier, the Stipulation was filed on February 16, 2018.

[5] Appellant timely complied with the order of the trial court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Moser was not acting in the course and scope of his employment at the time of the fatal accident; (2) although the Amended Complaint alleges Doe was employed by Acumen, the Amended Complaint lacks any allegation Doe, at any relevant time, acted within the course of his employment; if Doe was not acting in the course or scope of his employment, Acumen is not vicariously liable for his conduct; (3) assuming Appellant had properly pled a claim of Acumen's vicarious liability for the actions of Doe, Appellant's allegations of negligence on the part of Doe for Moser's unauthorized access to the vehicle cannot establish negligence, as there is no case law which places a duty on one to take affirmative steps to avoid criminal acts where there is no obvious known risk; the suggestion that an unlicensed driver living in the same residence as the permissive user[6] of the vehicle provides knowledge of such a risk finds no support in current Pennsylvania case law, and when extended to its logical conclusion, produces an absurd result – practically every household would need to keep car keys under lock and key; (4) if Doe did intentionally permit Moser to operate the vehicle during after-work hours, Doe's action goes

_____

[6] Regarding this point, it appears the trial court inadvertently referred to Doe as the owner of the vehicle. **See** Trial Court Opinion at 5-6. Moser lived with Doe, the permissive user, not Viti (Acumen), the owner. Nevertheless, the point remains valid, and perhaps even stronger. Not only does Pennsylvania law not impute knowledge of the risk of criminal activity from unlicensed driver to permissive user, such knowledge cannot be imputed to a non-resident owner.

far beyond the authorized time or space limits and is directly different in kind than authorization granted by Acumen). Therefore, we affirm on the basis of the trial court's well-reasoned opinion.[7]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2019

---

[7] In the event of further proceedings, the parties are directed to attach a copy of the trial court's May 14, 2018 opinion to this memorandum.

IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA
CIVIL

KATHY MARIE HUFF,
Administratrix of the Estate of
MELISSA ANN HUFF, Deceased,
Plaintiff

v.

JEFFREY A. MOSER; JOHN DOE;
ACUMEN CONTRACTING, INC.;
and PETE VITI,
Defendants

14-S-773

## OPINION PURSUANT TO Pa. R.A.P. 1925(a)

This litigation arises from a tragic motor vehicle accident occurring on November 21, 2013, which resulted in fatal injuries to Kathy Marie Huff. The litigation was commenced by the Administratrix of Huff's estate ("Appellant") by Complaint filed on June 18, 2014. The Complaint included claims against Jeffrey A. Moser ("Moser") as operator of the motor vehicle which struck the decedent; negligence claims against Acumen Contracting, Inc. and Pete Viti (collectively referred to as "Acumen") as Moser's employer; causes of action for negligent entrustment and negligent supervision against Acumen; and Dram Shop Act claims against Taverna, Inc., Taverna 5450, Tom M. Kalathas, Nick Kalathas, Lashay Kalathas, John Doe 2, and Jane Doe (collectively "Dram Shop Defendants") who were alleged to be instrumental in providing alcohol to Moser prior to the accident. Following the filing of Preliminary Objections by the various Defendants, an Amended Complaint was filed on September 17, 2014. The Amended Complaint substantively mirrored the original Complaint and was similarly met by Preliminary Objections by the Dram Shop Act Defendants. On January 11, 2016, the Appellant withdrew the causes of action

against the Dram Shop Act Defendants leaving only the remaining claims against Moser and Acumen. This Court subsequently granted summary judgment in favor of Defendant Acumen. Following resolution of the claim against the remaining Defendant Moser, Appellant files the current appeal challenging this Court's grant of summary judgment in favor of Acumen. A review of Appellant's Concise Statement of Errors Complained of on Appeal reveals Appellant does not challenge dismissal of the claims related to negligent entrustment and negligent supervision but rather challenges only this Court's ruling on the claim of vicarious liability.

In order to fully understand this issue, it is necessary to identify the precise nature of Appellant's vicarious liability claim as raised in the Amended Complaint. In Count I, the count which alleges the factual basis for vicarious liability, Appellant identifies only Moser and Acumen as negligent parties.[1] The count thereafter goes on to identify specific acts of negligence on the part of Moser.[2] The count further identifies two specific theories against Acumen: (1) "Moser was operating a vehicle owned and maintained by [Acumen] and was a permissive driver in the course and scope of his employment..."; and (2) "Acumen, Viti and Doe[3] negligently permitted [Moser] access to the subject vehicle or entrusted him with said vehicle."[4] Appellant then goes on to specifically identify the specific acts of vicarious liability as follows:

1. Failing to exercise the degree of care required under the circumstances;

2. Failing to properly train drivers, specifically Defendant Moser;

---

[1] Pa. R. Civ. P. 1020(b) requires a heading for each count "naming the parties to the cause of action therein set forth."

[2] Appellant's Amended Complaint paragraph 30

[3] John Doe is identified earlier in the Complaint as an employee of Acumen. He has subsequently been identified as Coty Head. He will be referred to as "Doe" in the remainder of this Opinion.

[4] Appellant's Amended Complaint paragraph 34

2

3.  Failing to monitor driver's behavior and driving habits, specifically Defendant Moser;

4.  Failing to properly screen and hire drivers, specifically Defendant Moser; and

5.  Failing to adhere to and comply with general state and local vehicle operating ordinances; [and]

6.  Carelessly and negligently permitting access to or failing to properly restrict access to the subject truck by Defendant Moser, its employee, when it or they knew or should have known he did not have a valid operator's license as a result of a history of DUI arrests and had a history of negligent/careless accident prone driving.

Each of the specific acts presumes conduct on behalf of Moser in the course of his employment by Acumen. Yet, as evidenced by Appellant's failure to challenge this Court's dismissal of the claims of negligent entrustment and negligent supervision, there is no factual dispute in the record that Moser was not acting in the course or scope of his employment at the time of the fatal accident.

Appellant attempts to avoid this conclusion by interpreting the language of the Amended Complaint to include a claim that Doe was negligent in permitting Moser access to the vehicle thus making Acumen vicariously liable to Appellant for Doe's negligent acts. Unfortunately for Appellant, this theory is not developed in the Amended Complaint. In fact, although the Complaint alleges Doe was employed by Acumen, the Amended Complaint lacks any allegation Doe, at any relevant time, acted within the course of his employment. If Doe was not acting in the course or scope of his employment, Acumen is not vicariously liable for his conduct.

It is hornbook law in Pennsylvania that the primary purpose of a pleading is to form a clear and distinct issue for trial between the parties. For this reason,

3

Pennsylvania law instructs that a complaint should place the defendants on notice of the claims which they will have to defend and identify the material facts which will support those claims. *Carlson v. Cmty. Ambulance Servs., Inc.*, 824 A.2d 1228, 1232 (Pa. Super. 2003). "[T]he pleadings must define the issues and thus every act or performance essential to that end must be set forth in the complaint." *Swift v. Northeastern Hosp. of Phila.*, 690 A.2d 719, 723 (Pa. Super. 1997).

The elements necessary to establish vicarious liability are summarized in *R.A. ex rel. N.A. v. First Church of Christ* as follows:

> It is well settled that an employer is held vicariously liable for the negligent acts of his employee which cause injuries to a third party, provided that such acts were committed during the course of and within the scope of the employment. *Fitzgerald v. McCutcheon*, 270 Pa. Super. 102, 410 A.2d 1270, 1271 (1979). In certain circumstances, liability of the employer may also extend to intentional or criminal acts committed by the employee. *Id.* The conduct of an employee is considered "within the scope of employment" for purposes of vicarious liability if: (1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer.

748 A.2d 692, 699 (Pa. Super. 2000)

As mentioned, Appellant's Complaint makes no reference to Doe acting in the course of or within the scope of his employment at the time any alleged negligence on his behalf occurred. Their claim that Acumen and Doe were "carelessly and negligently permitting access to or failing to properly restrict access to the subject truck" does not equate to an allegation that Acumen is vicariously responsible for the conduct of Doe who, **working within the scope and course of his employment,** permitted access or failed to properly restrict access to the truck. Appellant's

4

attempts to skirt this issue by assuming specific allegations which are not in the pleading is unsupported by law.

Even assuming Appellant has properly pled a claim for Acumen's vicarious liability for the actions of Doe, there remains a lack of any factual dispute which may lead to recovery by Appellant. The undisputed factual history viewed in the light most favorable to Appellant is that Acumen employed both Moser and Doe. Moser performed as a general contractor, however, was expressly instructed by Acumen he may not operate the Acumen vehicle at any time. Doe was employed primarily to drive Moser, and occasionally assisted with labor, was aware of this prohibition concerning Moser's use of the vehicle. Nevertheless, Moser claims Doe was aware Moser drove the subject vehicle during non-work hours in violation of Acumen's clear direction to the contrary. On the night of the fatal accident, during non-work hours unrelated to any employment, Moser accessed the vehicle while under the influence of alcohol and ultimately was involved in the accident. The entire cornerstone of Appellant's claim for relief is that Acumen had a duty to secure a vehicle from an unlicensed driver who had been expressly prohibited from operating the vehicle. Unavoidably implicit in this theory is the conclusion that both Moser and Doe acted intentionally and potentially criminally.[5]

After diligent search, this writer has been unable to find any case law which places a duty on one to take affirmative steps to avoid criminal acts where there is no obvious known risk. The suggestion that an unlicensed driver living in the same residence as the owner of a motor vehicle provides knowledge of such a risk finds no

5

support in current Pennsylvania case law and, when extended to its logical conclusion, produces an absurd result; practically every household would need to keep car keys under lock within the residence.

Appellant's only remaining argument is that Moser's use of the vehicle was actually known and authorized by Doe, an employee for whom Acumen is responsible. Although Moser's deposition testimony supports this argument, its Achilles heel lies in Appellant's inability to establish Doe acted in the course and scope of employment; an element necessary to establish vicarious liability. The Restatement (Second) of Agency, Section 228, adopted by the court in *Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1271 (Pa. Super. 1979), provides:

(1)     Conduct of a servant is within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master, and (d) if force is intentionally used by the servant against another, the use of the force is not unexpectable by the master.

(2)     Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

There is no dispute that Acumen expressly directed and prohibited Moser's use of the subject vehicle. There is also no dispute that this prohibition was known by both Moser and Doe. Finally, there is no evidence in the record that Doe was employed for any purpose other than to transport Moser to and from the jobsite. If Doe did indeed intentionally permit Moser to operate the vehicle during after-work

---

[5] A person is guilty of a misdemeanor of the second degree if they operate an automobile owned by another without consent of the owner. 18 Pa. C.S.A. § 3928

6

hours, it goes far beyond the authorized time or space limits and is directly different in kind than authorization granted by Acumen. Moreover, it cannot arguably be considered, even in part, to be a purpose to serve Acumen when it is expressly contrary to Acumen's instructions. As Appellant is unable to establish negligence on the part of Doe for unauthorized access by Moser or, conversely, within the scope or course of work for intentional misconduct by Doe, summary judgment was granted.

For the foregoing reasons, it is respectfully requested that the grant of summary judgment be affirmed.

BY THE COURT:

_____
MICHAEL. A. GEORGE
President Judge

Date filed: May 14, 2018

5-14 20_18_. This being a true and attested copy taken from and compared with the original
Attest:

_____
Deputy Prothonotary

7