ALD-222                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1177
_____

WALTER V. HARRIS,
                                        Appellant

v.

FEDERAL BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Action No. 16-cv-00049)
District Judge:  Honorable Susan Paradise Baxter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 27, 2019

Before:  MCKEE, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: July 25, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Walter V. Harris appeals from the final judgment of the United States District Court for the Western District of Pennsylvania entered in his lawsuit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1364(b), 2671 et seq. We will affirm the judgment.

Harris filed his pro se FTCA complaint against the Federal Bureau of Prisons ("BOP"). The District Court's[1] memorandum opinion contains a detailed account of the background, stipulations, and findings of fact based on the evidence presented at trial. Because the parties are familiar with the case, we provide only a summary. This case concerns a slip-and-fall injury that Harris sustained during his incarceration at the Federal Correctional Institution-McKean ("FCI-McKean") at Lewis Run, Pennsylvania. In his complaint, Harris alleged that, on the morning of December 12, 2013, while walking from his cell block to the dining hall, he slipped and fell on a negligently maintained walkway. According to Harris, it had snowed the prior evening, and the prison snow removal crew failed to clear the walkway of compacted snow and ice, creating a dangerous condition. He alleged that the BOP failed to supervise the snow removal in a proper manner. He further alleged that the BOP had notice of the dangerous condition because it was visible to prison guards walking on the walkway and watching by video. As a result of his fall, Harris fractured his ankle and required surgery for the insertion of a plate and screws.

---

[1] The parties consented to having a United States Magistrate Judge exercise jurisdiction pursuant to 28 U.S.C. § 636. Following trial but before issuance of judgment, the presiding Magistrate Judge was elevated to the position of United States District Judge.

In February 2016, Harris filed his pro se complaint under the FTCA. The BOP filed a motion for summary judgment, which was denied. The matter proceeded to a non-jury trial, at which Harris appeared and testified by videoconference.[2] Harris testified that the walkway between his housing unit and the dining hall was snow-covered and slippery on the morning of December 12, 2013. He stated that he slipped and fell backwards on the middle of the walkway on his way to breakfast. Further, he stated that he never stepped in the grass while walking, noting that the accumulated snowfall next to the walkway was four-to-five inches deep. Harris stated that two other inmates walking behind him saw him fall, and the inmates helped him to the medical department. In contrast, Timothy Newman, a Correctional Officer at FCI-McKean at the time of Harris's fall, testified that he supervised the snow removal crew early that same morning, walked all of the walkways to identify any unsafe areas, inspected the snow removal crew's shoveling and spreading of salt and sand where needed, and found no dangerous conditions on the walkways upon completion of the work. Newman also stated that he received no reports of any dangerous walkway conditions that morning, and he stated that inmates are only permitted to walk on the walkways, not on the grass, regardless of the season. Diane Kengersky Miller, a physician assistant at FCI-McKean, testified that she conducted an injury assessment of Harris after his fall, and she documented that Harris told her that he twisted his ankle as he walked in the grass/snow, because the sidewalk was slippery. In addition to the testimony presented by the parties, the trial evidence included the National Weather Service local

---

[2] In 2012, while at FCI-McKean, Harris was diagnosed with Becker muscular dystrophy and was transferred for medical treatment at FCI-Butner in North Carolina.

3

conditions reports for early to mid-December 2013, and Harris's inmate injury assessment documented by Miller in the BOP electronic medical record.

After considering the evidence, the District Court found that Harris's testimony as to the weather conditions and the amount of snow on the ground was not credible, as it was contradicted by Newman's testimony and the National Weather Service reports. The District Court also noted the conflicting testimony concerning Newman's presence or absence at the scene where Harris fell, and concerning whether Harris had told Miller that he had fallen while walking in the grass and snow instead of on the walkway. Ultimately, the District Court concluded that Harris failed to establish that the BOP breached a duty of care owed to him and thus failed to establish his claim for negligence under the FTCA. Harris appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Harris has been granted in forma pauperis status under 28 U.S.C. § 1915, we review this appeal for possible dismissal in accordance with § 1915(e)(2)(B). We may summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6 if no substantial question is presented on appeal.

In an appeal of a final judgment after a bench trial, we exercise plenary review over the District Court's legal conclusions. Colliers Lanared & Axilbund v. Lloyds of London, 458 F.3d 231, 236 (3d Cir. 2006). We review findings of fact for clear error, and "due regard must be given to the trial court's judgment as to the credibility of the witnesses." Id. (citing Fed. R. Civ. P. 52(a)). Pennsylvania law governs Harris's negligence claim under the FTCA. See 28 U.S.C. § 1346(b); DeJesus v. United States Dep't of Veterans Affairs, 479 F.3d 271, 279 (3d Cir. 2007). In Pennsylvania, a plaintiff in a negligence action

4

must demonstrate (1) that the defendants owed him a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual injury. See Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir. 2005). The BOP must exercise ordinary diligence in keeping prisoners safe and free from harm. See 18 U.S.C. § 4042.

Because Pennsylvania law recognizes inmates as invitees, see Graf v. County of Northampton, 654 A.2d 131, 134 (Pa. Commw. 1995), Harris had to show that the BOP (1) knew of the dangerous walkway condition or would have discovered it by the exercise of reasonable care, and should have realized that it posed an unreasonable risk of harm; (2) should have expected that Harris would not discover the danger or would have failed to protect himself against it; and (3) failed to exercise reasonable care to protect Harris from the danger. See Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983). Further, Harris had to show that the prison either contributed to creating the harmful condition or had actual or constructive notice of the condition. See Estate of Swift v. Northeastern Hosp. of Phila., 690 A.2d 719, 722 (Pa. Super. 1997).

Based on the testimony by Newman and Miller, along with Miller's medical record notes, the District Court found that Harris failed to establish by a preponderance of the evidence that he was walking on the walkway when he fell. Though Harris testified that his fall on the walkway was witnessed by at least two other inmates, he produced no evidence in support. In addition, the District Court found that, even assuming that Harris did fall on the walkway, Harris failed to establish the presence of a dangerous condition, or that prison staff either created or had actual or constructive notice of a harmful condition,

5

to trigger a duty on the part of the United States. The District Court credited Newman's testimony concerning his personal observations during the early morning hours of December 12, 2013, the walkways were clear, and that no one had notified prison staff to the contrary.

Upon review of the record, which includes the trial transcript, we discern no clear error in the District Court's findings of fact and no error in making its legal conclusions. Because no substantial question is presented by this appeal, we will summarily affirm the judgment of the District Court.